RECEIVED

MAR 29 2010

CLERK
SUPREME COURT

## COMMONWEALTH OF KENTUCKY
### SUPREME COURT

AMY JERRINE MISCHLER                                    PETITIONER

VS.          COURT OF APPEALS NO. 2009-CA-001609-ME
PIKE CIRCUIT COURT 01-CI-01197, 02-D-00202001,
02-D-00202002, AND 02-D-00202003

SENIOR JUDGE LEWIS NICHOLLS,

and

FORMER JUDGE JULIE PAXTON,

and

SENIOR JUSTICE JOSEPH LAMBERT,

and

JUDGE JAMES LAMBERT,

and

COURT OF APPEALS CLERK SAM GIVENS

and

CHIEF JUDGE SARA COMBS

and

JONAH "LEE" STEVENS (REAL PARTY IN INTEREST)          RESPONDENTS


**************************************************
WRIT OF MANDAMUS, WRIT OF PROHIBITION
**************************************************
AMY J. MISCHLER
PRO SE PETITIONER
P.O. BOX 2532
RUSSELL SPRINGS, KENTUCKY 42642

13-cv-26
Exhibit 1

1

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of this petition has been served by first class mail, postage prepaid to the following on this the 25th day of March 2010 to the following: James H Lambert, PO Box 736  Mt Vernon, KY 40456, Joseph E Lambert, PO Box 989  Mount Vernon, KY 40456,  Samuel Givens,  2025 Planters Ct, Lexington, KY 40514, Lewis Dunn Nicholls, 1205 E Main St, Greenup, KY 41144, Julie Marie Paxton, PO Box 985, Prestonsburg, KY 41653, Sara Walter Combs, PO Box 709,  Stanton, KY 40380-0709, Brian Cumbo, PO Box 1844, Inez, KY 41224-1844.

I have done my best to substantially comply with Rule 76.36 upon which this Court is allowed to hear this petition.  The irreparable harm I have been enduring has impaired my abilities to seek redress within the courts as it seriously deteriorates my legal writing skills and focus upon issues having to relive the harm again as I write about it.

I have suffered and continued to suffered irreparable harm from being denied all contact with my children for nearly a year, and from fraud upon the court proceedings arising in 2002 and continuing until the present date.  The harm compounded by a senior judicial officer which refuses to address the past fraud and has actively assisted in the cover-up of the 2002 fraud.

Amy Mischler _____ March 25, 2009

2

Comes now the Petitioner, pro se, impoverished, being denied free legal aid because this case is political in nature and having been denied all access to her two children since April 2009 comes before the Kentucky Supreme Court in a petition of equity to demand her rights be enforced.

## I. FACTS UPON WHICH PETITIONER DEMANDS ENTITLEMENT TO RELIEF

### A. FRAUD UPON THE COURT 2002

1. In June 2002 the Petitioner and Jonah Stevens, a licensed member of the Kentucky Bar Association argued. In that argument, Stevens spit in the Petitioners face. She filed for an EPO against him. He was served on June 22, 2002. He then turned around and filed an EPO against the Petitioner alleging that in the future on August 5, 2002 that the Petitioner was going to commit domestic violence against him. Exhibit 2.

2. Receiving special favoritism as an attorney by a trial commissioner who does not have a law degree; Stevens was not made to swear his statement. The petition itself is ab initio. Exhibit 2.

3. Judge Larry Thompson properly recused from 01-CI-01197, 02-D-00202-001, 02-D-00202-002. Exhibit 3.

4. Improperly, Thompson then had the cases sent to Judge Julie Paxton bypassing the Chief Regional Judge. Thus, when Paxton ruled in these cases she never had actual jurisdiction. Exhibit 4. Moreover, the Clerk's office specifically notated that the "*special judge copies* [were] *mailed by JG to Judge Paxton*". Exhibit 20 video 6.

5. Paxton held hearings in the 02-D-00202-001 and 02-D-00202-002 without ever having an order placed in the files granting her jurisdiction. Paxton never held Stevens accountable as an officer of the Court for his abuse of legal process pleadings. Paxton, instead



3

granted only what could be described as "quasi" de facto guardianship to Glema Stevens in the single hearing. Exhibit 20, video 6.

6. Glema Stevens is the mother of Jonah Stevens. Glema Stevens never attended any court hearings. Glema S. had no standing nor has she ever filed any pleadings in said actions. The children were ordered to live with Glema Stevens throughout the week with the parents having alternate weekend visitation. See Exhibit 5 fax from Stevens which emphasizes "jurisdiction" and the Court order.

7. Jonah Stevens, as an attorney and an office of the court knew such an order by Paxton was without jurisdiction and in violation of the civil rules and based on a void ab initio petition because he was not sworn. He took no actions against Paxton because the violations of civil rules were in his favor.

8. The Petitioner's paid attorney Sid Trivette failed to show up at the hearing. He later refunded her money and provided her with a letter sent to him from Jonah Stevens. Exhibit 5a. Glema Stevens could not have written the letter without assistance from her son Jonah Stevens.

B. 2005 cover-up of 2002 fraud.

9. The Petitioner graduated from law school and attempted to assert her rights. The Pike County Attorney Howard Keith Hall refused to prosecute Stevens for child support, and later for health insurance for the children. First, Hall was childhood personal friends with Stevens. Second, because of the past fraud there was no actual judge with jurisdiction assigned. Third, to proceed would inculpapate Hall into the fraud. So he refused to take any action and the case became in a sort of legal limbo.

10. The Petitioner properly applied for KCHIP insurance for the two children when noticed by the Pediatrician that Stevens had canceled the children's health insurance. The



4

children qualified for KCHIP. However Stevens, as an officer of the Court refused to cooperate with the KCHIP office. Exhibit 8.

C. 2006 Escalation and cover-up of 2002 fraud.

11. Being denied access to the Courts, being denied KCHIP insurance for her children that would have covered even co-pays for the children's health care; the Petitioner spent forty percent of her monthly income on doctor and medicine co-pays.

12. Wal-Mart made a clerical error and reported that Stevens had once again cancelled the children's insurance and having no money to buy her son's medicine; she did a twenty minute session begging for money, along with the exercise of first amendment speech in April 2006.

13. When child protective services refused to act for Stevens in April 2006; Stevens turned around and filed an EPO against the Petitioner alleging her actions were domestic violence. Exhibit 6.

14. Again, this petition neither states domestic violence nor is it valid. It was neither issued or denied by the trial commissioner, who again did not have a law degree.

15. The Petitioner raised the ab initio petition at the first hearing where Judge Thompson recused. Thompson stated that he could not dismiss the complaint because he was recusing. However, Thompson secretly attempted to cure the procedural defect by having a trial commissioner Fred Hatfield reissue and EPO on April 25, 2006 and with Thompson amending also on April 25, 2006. Neither of these petitions were served on the Petitioner. Exhibit 10

16. Paxton committed serious violation of civil rules and judicial canons during the EPO/DVO hearings to cover up her fraud from 2002: Although, she did receive jurisdiction of 02-D-00202-003 from a chief regional judge. Her actions included consistent delaying of the EPO hearings, ex parte communications with Stevens' counsel, post dating of orders, being the

5/61

5

record custodian of the file, and refusing to acknowledge petition defects among other violations of the judicial canons.

17. Paxton finally granted the DVO against the Petitioner and gave Stevens full temporary custody in May 2006.

18. After the Petitioner reported to the Kentucky Attorney Generals Office that fraud was taking place; Paxton through an ex parte motion stripped away a visitation rights from the Petitioner. Later, Paxton to have coercion power over the Petitioner ordered supervised visitation without a factual finding over the Petitioner.

19. The Petitioner wrote a letter to Chief Justice Joseph Lambert outlining some of the violations that Paxton committed while on the bench. Off of the record; Lambert made Paxton recuse but took no action to rectify the fraud and harm by Paxton against the Petitioner on the record. Exhibit 17

20. The Petitioner has been under Paxton's supervisied visitation order for years; each judge thereafter would simply renew Paxton's order giving full faith and credit to Paxton without examining the fraud and facts behind Paxton lack of jurisdiction and motivation for issuing such an order. Exhibit 13 time 9:30:11, Exhibit 17

21. The DVO was vacated by Judge John David Preston on December 2006. Exhibit 11.

22. Preston failed to address how Stevens received custody of the children through fraudulent EPO proceedings. Preston continued the same supervisied visitation without a factual finding. Exhibit 17, Exhibit 20 Video 5.

23. Preston moved to another bench. Judge Janie Wells assumed the Johnson Family Court Bench. Like Preston, Wells gave full faith and credit to Paxton's order continuing it

6

without a factual finding or examining the fraud and facts behind Paxton's lack of jurisdiction and motivation for issuing such an order. Exhibit 20, Video 5.

21. Wells recused. Joseph Lambert personally appointed senior judge Lewis Nicholls.

22. Nicholls intentionally delayed hearings. He only held one hearing during the first 18 months of his appointment, despite being noticed that the Petitioner was being denied fundamental rights. Nicholls violated the civil rules. Among the more egregious is that he ruled that the civil rule that applies to interrogatories also applies to discovery. Exhibit 20 video 4. Exhibit 15.[1] He quashed the Petitioners discovery requests. He quashed witness testimony. Exhibit 16. Exhibit 20. He was asked repeatedly for factual findings to support the continuation of supervised visitation. Exhibit 20 Video 5. He refused to give one.

23. Early on, Nicholls did an ex parte investigation upon the Petitioners motion and made a ruling based on his investigation. Exhibit 15 dates 12/3/2007 of motion and ex parte order from Nicholls investigation on 12/4/2007. Exhibit 17

24. Seeing that Nicholls would intentionally violate the judicial canons and ethic rules on the bench; the Petitioner filed injunctive relief against Nicholls and Joseph Lambert in Eastern District Federal Court to enforce him to obey the Kentucky Supreme Court Rules. Exhibit 14, Exhibit 16, Exhibit 17

25. The case was dismissed on the "Younger Abstention". Nicholls then made a false factual finding that the lawsuit against him was dismissed because it lacked merit. Exhibit 16, Exhibit 17 The Federal Court never addressed the merits of the case. Exhibit 19.

---

[1] Exhibit 15 states that Mischler, the Respondent "to choose which 30 interr. She wants ans"wered. Mischler, the Petitioner in this action has only asked for two interrogatories. Nicholls refused to allow the Petitioner to receive tax returns as discovery.



7

26. The Petitioner then filed an amended complaint to include injunctive relief against Lambert and Nicholls in Franklin Circuit Court. This case is ongoing and currently in the Kentucky Court of Appeals. Exhibit 14, Exhibit 16

27. Nicholls claimed on the bench that he had never been served. Exhibit 20 video 2. Exhibit 14, Exhibit 16. This occurred when Craig Newbern of the Kentucky Attorney General's office asked Nicholls to quash Paxton and Thompsons subpoenas. Exhibit 20 video 3. Exhibit 16 Craig Newbern accepted service of the amended complaint for Nicholls. Exhibit 14

28. Sarcastically Nicholls stated upon the record "*Amy you've sued me twice, I thought it was just once*". When Nicholls made that statement, he looks directly at his attorney Craig Newbern with a smirk. Exhibit 20 video 1.

29. Nicholls was asked repeatedly to recuse. Nicholls refused. Exhibit 13

30. Nicholls denied the Petitioner access to the Kentucky Court of Appeals by refusing to ex parte an in forma pauperis motion, or set that motion to be heard. Exhibit 12 see date 1/3/2008 It is one of MANY motions that Nicholls refuses to hear by the Petitioner. Exhibit 20, video 7.

31. Nicholls wrote a rambling and confusing 20+ page factual finding in August 2009 against the Petitioner after sitting years upon the case, holding her under supervised visitation without a factual finding, being sued twice by the Petitioner, multiple violations of the civil rules by Nicholls alone and refusing to even allow testimony concerning the fraud which occurred by Paxton, Thompson, and Stevens in 2002 and 2006. Exhibit 16

32. Nicholls admits in his factual finding by a false statement of fact that he never reviewed the record. Further, many video records are missing that were in the custody of Paxton. Nicholls specifically states that Preston recused and Nicholls was appointed. This is

8/9\

8

false. Preston never recused. Moreover, Wells took testimony from Stevens which is seriously damaging to Stevens. The Pike County Circuit Court Clerk only obtained that video record after Nicholls filed his order.

D. Current state of visitation since April 2009.

33. The Petitioner's family is no longer financially or physically able to supervise the Petitioner. Further, the punitive nature of the supervised visitation without a justifiable reason over a period of years has caused tremendous stress upon the Petitioners family.

34. The Petitioner has not had any contact, either by phone or visitation since the beginning of April 2009 with her two children. Exhibit 13. The Petitioner lives in Russell Springs. Under the current order; the Petitioner would have to drive twelve hours in one weekend to have supervised visitation at a relative's house. Further, Nicholls allows that the Petitioner may leave the family's home alone with the children as long as she and the children sleep at a relative's house.

35. Nicholls order for supervised visitation is only to punish the Petitioner for filing injunctive relief against him and to coerce her to be silent about the fraud Paxton committed to which Nicholls current supervisor.

E. Brothers

36. Joseph Lambert is the brother of James Lambert. James Lambert is currently assigned to the Petitioners appeal case. James Lambert has a conflict of interest because Joseph Lambert allowed the case to continue under fraudulent conditions, despite Joseph Lambert having supervisory duty and actual knowledge that Judge Paxton had committed fraud.

F. Court of Appeals Clerk



9

37. The Petitioners case in the Court of Appeals is due to fraud committed by multiple judicial officers, including Paxton, Thompson, and Nicholls over a period of years. She was granted permission to "substantially comply" by the Court. She reduced her argument to 25 pages pursuant to the order on her motion to leave to exceed page limitation.

38. Due to the tremendous amount of stress and refusal of being denied fundamental rights over a period of years; the Petitioner overlooked turning the correct number of copies. She quickly filed a motion to amend and tendered the correct copies.

39. Samuel Givens, the Clerk sent the briefs back to the Petitioner refusing to tender them for the Court of Appeals.

40. In addition, one of the briefs was taken apart with the plastic binding ring missing. A rubber band was placed around the document. Another brief had the dvd video taken out and re-taped to the brief.

41. The Clerk has no authority to copy, fax, scan or otherwise duplicate a brief or any of its contents to which the Clerk refuses to accept into the record. At that point, the briefs while in the physical custody of the Clerk are the physical property of the Petitioner until they are put into the record.

42. The fear, whether justified or amplified by past judicial misconduct; is that the Clerk has copied and provided Senior Justice Joseph Lambert a copy of the Petitioners brief, of which Joseph Lambert has no authority to have.

43. Further, by copying, faxing, scanning, or otherwise duplicating as evidence by the brief being taken out of its binding with the comb presumed destroyed is implicit that the Clerk has a copy and therefore it is actually on record, albeit not officially.

G. Chief Judge of the Court of Appeals

10

44. Many of the issues in the Petitioners Brief are not issues for appeal. They are issues of law. The Petitioner has been denied fundamental rights. The Chief Judge of the Court of Appeals has the authority to sua sponte relief to the Petitioner by order of this Supreme Court.

II. RELIEF SOUGHT

H. Against Senior Judge Lewis Nicholls

45. The Petitioner requests a writ of mandamus against Nicholls to recuse from the Petitioners case. The Petitioner requests that before his recusal; Nicholls be mandated to give full temporary custody of the Petitioners two children to the Petitioner. The Petitioner requests that Nicholls be prohibited from issuing any other order than the two requested mandamus in this paragraph.

I. Against former judge Julie Paxton

46. The Petitioner requests a writ of mandamus against Paxton to show she was granted jurisdiction in Pike Circuit Court cases 01-CI-001197, 02-D-00202-001 and 02-D-00202-002. The Petitioner requests a writ of mandamus against Paxton to show why she issued a domestic violence protection order against the Petitioner upon a petition which was neither procedurally valid nor had substantive claims of domestic violence.

J. Against Senior Justice Joseph Lambert

47. The Petitioner requests a writ of prohibition against Joseph Lambert from any action involving the Petitioner.

48. The Petitioner requests a writ of mandamus against Joseph Lambert to show cause why he took no action upon the record to supervise Paxton for her judicial misconduct upon notice by the Petitioner and to allow the misconduct and harm to multiply.

11



49. The Petitioner requests a writ of mandamus against Joseph Lambert, as supervisor of Nicholls to show cause why he allowed Nicholls to continued upon the Petitioners case despite being noticed via injunctive suits that Nicholls had committed judicial misconduct and failed to move the case along allowing it to linger for years.

K.  Against Court of Appeals James Lambert

50. The Petitioner requests a writ of mandamus to order James Lambert to recuse from hearing any case involving the Petitioner due to assertations of negligent supervision of James Lambert brother, Joseph Lambert.

L.  Against Clerk of Court Sam Givens.

51. The Petitioners requests a writ of mandamus against Sam Givens show cause why he disassembled the Petitioners brief and name all individuals whom Givens mailed/faxed/emailed copies of the Petitioner rejected brief to.

M.  Chief Judge Sara Combs

52. The Petitioners requests a writ of mandamus to order Chief Judge Sara Combs to review the case file and order sua spontae all relief necessary to protect the rights of the Petitioner of that which is not rendered moot by orders of this court.

53. The Petitioner requests a writ of mandamus to Chief Judge Sara Combs to order the Clerk of the Court of Appeals to tender and accept the Petitioners briefs, if not so rendered moot before this Court has ruled.

III. MEMORANDUM OF AUTHORITIES

N.  Writs of Mandamus

54 "[T]he function of a writ of mandamus is to compel an official to perform duties of that official where an element of discretion does not occur" Kavanaugh v .Chandler, 255 Ky. 182, 72 S .W.2d 1003 (1934) "Without exception, the judicial opinions and other legal writings which treat mandamus observe that it is



12

an extraordinary remedy which compels the performance of a ministerial act or mandatory duty where there is a clear legal right or no adequate remedy at law. Mandamus is a legal remedy but its issuance is largely controlled by equitable principles with consideration given to rights of the public and of third persons . See Keane v . St. Francis Hospital , 522 N .W.2d 517 (Wis .Ct.App . 1994). Mandamus compels the performance of ministerial acts or duties only . An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion County of Harlan v.Appalachian Regional Healthcare, INC. 2001-SC-0423-DG.

O.  Writs of Prohibition

55 "A writ of prohibition may be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted." Hoskins v. Maricle , 150 S .W.3d 1, 10 (Ky. 2004).

P.  Transfer of Jurisdiction to trial court judges

56.  SCR 1.040 (3)(d):  The chief judge shall reassign cases from one judge to another as necessary or convenient.

Q.  Kentucky Constitution

57.  1105(b) The Chief Justice of the Commonwealth shall be the executive head of the Court of Justice and he shall appoint such administrative assistants as he deems necessary. He shall assign temporarily any justice or judge of the Commonwealth, active or retired, to sit in any court other than the Supreme Court when he deems such assignment necessary for the prompt disposition of causes. The Chief Justice shall submit the budget for the Court of Justice and perform all other necessary administrative functions relating to the court.

R.  Misconduct



58. SCR 3.130(8.3)(d)(e)  It is professional misconduct for a lawyer to:  State or imply an ability to influence improperly a government agency or official or knowingly assist a judge or judicial officer in conduct that is a violation of applicable Rules of Judicial Conduct or other law.

S. Judicial Canons

59  Canon 3:  A Judge Shall perform the duties of Judicial Office impartially and diligently.  3B(2)  A judge shall be faithful to the law and maintain professional competence in it. 3 B(5) a judge shall perform judicial duties without bias or prejudice.  A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice.  3B(7) a judge shall not initiate, permit, or consider ex parte communications.  3B(8) a judge shall dispose of all judicial matters promptly, efficiently, and fairly.  3B11(3) a judge with supervisory authority for the judicial performance of other judges shall take reasonable measures to assure the prompt disposition of matters before them and the proper performance of their other judicial responsibilities.

60.  3D(1)  a judge who receives information indicating a substantial likelihood that another judge has committed a violation of this Code should take appropriate action.  A judge having knowledge that another judge has committed a violation of this Code that raises a substantial question as to the other judge's fitness for office should inform the appropriate authority.  3D(2)  A judge who receives information indicating a substantial likelihood that a lawyer has committed a violation of the Kentucky Rules of Professional Conduct should take appropriate action.  A judge having knowledge that a lawyer has committed a violation of the Kentucky Rules of Professional Conduct that raises a substantial question as to the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects should inform the appropriate

14

authority. 3E(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned.

T. Writs are extraordinary in nature

61.    Writs of prohibition are "extraordinary in nature, and the courts of this Commonwealth `have always been cautious and conservative both in entertaining petitions for and in granting such relief.'" Kentucky Employers Mut. Ins . v. Coleman, 236 S.W .3d 9, 12 (Ky. 2007) (quoting Bender v. Eaton, 343 S.W.2d 799, 800 (Ky. 1961))

## IV. ARGUMENT

62.    The facts outlined in this case are "extraordinary in nature" and writs are applicable given the light of the ongoing violations of ethics, judicial canons, civil rules and law for over eight years.  Furthermore, the former highest judicial officer was noticed of the wrongdoing and has assisted in the cover up by assigning a senior judge who has intentionally delayed and continued to deny fundamental rights to the Petitioner for the past three years.

63.    The Petitioner has been denied her fundamental rights as a parent by a judge who lacked jurisdiction since 2002 to issue such an order.

64.    The Petitioner has been denied all access to her children since April 2009.

65.    The Petitioner is emotionally traumatized by the denial of her civil rights.

66.    The Petitioner has repeatedly requested help from legal aid society in Louisville Kentucky and AppelRed in Prestonsburg Kentucky from 2005 until 2008.  She has been denied repeatedly.

67.    The legally abused and traumatized Petitioner has been forced to proceed Pro Se because is poor and cannot afford representation.

68. The Court of Appeals Clerk is denying tendering the Petitioners appeal on procedural issues and stepped outside of his authority by disassembling and copying the same brief he refused to tender.

69. Ultimately an equal protection claim arises. The Petitioner is held to comply with the rules, while judicial officers, clerks, and attorneys can openly disregard ethic rules, civil rules, and judicial canons.

70. Joseph Lambert had mandated supervisory duties to address the judicial fraud by Paxton and Thompson from 2002 and 2006 upon notice. He did not.

71. Nicholls was noticed of the judicial fraud by Paxton and Thompson from 2002 and 2006. He refused to address how Jonah Stevens illegally obtained custody through misconduct in the order. Nicholls further punished the Petitioner for taking actions against him after Nicholls himself, violated those same civil rules.

72. There is no adequate remedy. The Petitioner has already suffered irreparable damage and will continue to do so unless this Court asserts authority in this action.

73. The entire judicial branch integrity is at stake in this action. Judicial officers engaged in fraud to illegally give custody of children to an attorney through sham legal proceedings. The entire system has worked to cover up this fraud. Equity demands action.

V. NO ACTUAL FEAR THAT THE PETITIONER WILL HARM THE CHILDREN.

74. Exhibit 18 shows where the attorney father Jonah Stevens offered to contract child custody and visitation with the Petitioner. This has been filed with the Court. It is another outstanding motion that has never been heard.

16

75. Attorney father Jonah Stevens offered to the Petitioner to pay her a lump sum of money and give her standard unsupervised visitation if she would agree for him to be residential custodian and would stop litigating against him.

76. Thus by Jonah Stevens own admission, he has no fear that the Petitioner will harm the children.  He only fear is that his misconduct will come to light and be held accountable for the fraud that he and others on behalf have perpetrated on the courts of Kentucky under color of law, and by virtue of their "honorable" positions as officers of the court.

Respectfully Submitted,

Amy Mischler
P.O. Box 2532
Russell Springs, KY 42642

March 25, 2009

17

AOC - 275.1  Doc. Code: COM
Rev. 5-02
Page 1 of 3
Commonwealth of Kentucky
Court of Justice
KRS Chapter 403

**DOMESTIC VIOLENCE**
**PETITION / MOTION**

Case No. 02·D·00201·XX
Court _Family_
County _Pike_

| | First | Middle | Last | |
|---|---|---|---|---|
| JONAH | L | STEVENS | | PETITIONER |

VS.

| | First | Middle | Last | |
|---|---|---|---|---|
| Kim (Amy) | L. | ~~Stevens~~ MCNIER | | RESPONDENT |

**Information about Respondent:**

Current Residence: 43 Joe Hatton Road Pikeville KY 41501

Usual Residence: _Same_

Occupation:

Employer Name: Flmsr Sxc Fire

Employer Address:

| Sex | Race | Birthdate | Height | Weight | SSN | Operator License # | State |
|-----|------|-----------|--------|--------|-----|--------------------|-------|
| F | W | ███-68 | 5'5" | 200 | Unk | Unk | KY |

CAUTION: [ ] Weapon involved [ ] Believed to be armed and dangerous

The Parties have a [ ] custody [ ] dissolution action pending in _____ Circuit Court.

[ ] Petitioner, [X] Petitioner, on behalf of minor child(ren) says that on _____, 2____, in _____
County, Kentucky, the above-named Respondent engaged in act(s) of domestic violence and abuse, in that*:

ON 8-5-2002 RESPONDENT BECAME ASSAULTIVE IN RAGE UNDER A
FALSE NOTION THAT PETITIONER HAD GIVEN ANOTHER FEMALE $17.00.
RESPONDENT BEGAN TO YELL AND SCREAM, PUSHING PETITIONER AGAINST CONCRETE
STEPS, WHILE PETITIONER HELD MINOR CHILD. PETITIONER HAD TO PROTECT
INFANT CHILD WHILE PETITIONER BORE THE IMPACT OF THE FALL.
RESPONDENT THREATENED THAT HER ACTIONS WILL GET WORSE, AS HAS IN THE
PAST. THROWN METAL OBJECTS AT PETITIONER, BREAKING WINDOWS AND DESTROYED ALL ELECTRONIC
EQUIPMENT IN HOME, AND IF THINGS ARE NOT DONE HER WAY SHE RAISES THAT SHE
WILL OPPRESS IT FURTHER WORSE. PETITIONER WANTED TO OBTAIN PRIVATE CUSTODY
CARE ABOUT FOR PETITIONER AS HE SEEN IT FIT AND TO PREVENT OUR
Copies to: CARE FOR CHILD CUSTODY WITHOUT FEAR TO __.

Court File
Petitioner
Respondent (copy with blacked-out portion served with summons)
Local Department for Community Based Services CFC
Court Clerk in County of Petitioner's usual residence, if different
Law enforcement agency(ies) designated for service
Law enforcement agency/dispatch center responsible for LINK entry

*If additional space is needed for the factual statement, type on a separate sheet of paper and attach to the Petition/Motion.

~~SURE ENTRIES IN BOXES ARE COMPLETE, ACCURATE AND LEGIBLE TO ALLOW PROMPT ENTRY INTO LINK IF ORDER OR~~
~~SUMMONS ISSUES.~~

**PLAINTIFF'S EXHIBIT 2**

18/(61)

3.1
J2
2 of 3

Case No. _O2-0-@0202-09_

**Information about Petitioner or any minor family member on whose behalf Petition is filed:**

NAME: _____

Birthdate: ▓-▓-6?    Age: _3?_

Usual Residence: _____

Directions for rural areas: _____ Length of residence there: _____

Current Residence (if different from above): _____

Length of residence there: _____

Occupation: _____

Employer Name: _____

Employer Address: _P.O. Box 124_ _____

Directions for rural areas: _____

2. Respondent's relationship to Petitioner:  [ ] spouse;  [X] former spouse;  [ ] unmarried, with child in common;  [ ] unmarried, currently or formerly living together;  [ ] child;  [ ] stepchild;  [ ] parent;  [ ] grandparent;  [ ] other relative (specify) _____

3. If Respondent and Petitioner have minor children, complete the following:

Parent is (check one box or both boxes):

| PET. / RESP. | | Child's Name | Birthdate (mm/dd/yyyy) |
|---|---|---|---|
| [ ] | [ ] | (1) ▓▓ | ▓▓ |
| Child's Address: | | | |
| [ ] | [ ] | (2) ▓▓ | ▓▓-?? |
| Child's Address: | | | |
| [ ] | [ ] | (3) | |
| Child's Address: | | | |
| [ ] | [ ] | (4) | |
| Child's Address: | | | |

19/91

5.1
-02
3 of 3

Case No. 02.0-00202-00

## MOTION FOR RELIEF

[ ] Petitioner  OR  [X] Petitioner, on behalf of minor child(ren), requests that the Court:

(1) **Issue an emergency protective order** based on the presence of an immediate and present danger of domestic violence and abuse to:

[ ] **restrain Respondent** from committing any further acts of domestic violence and abuse; and/or

[ ] **restrain Respondent** from any contact or communication with Petitioner except as directed by the Court; and/or

[ ] **restrain Respondent** from disposing of, or damaging, any property of the parties; and/or

[ ] **direct Respondent to vacate** residence shared by the parties located at (specify address):

_____

_____

[X] **grant temporary custody** of minor child(ren):

[ ] award **temporary child support** in accordance with Ky Child Support Guidelines. I will, if possible, document income of both parents at the hearing by producing income tax returns, paystubs or employer statements. If either parent is self-employed I will, if possible, produce receipts and expense statements. I understand Respondent will also be notified by **summons** to produce these documents.

[ ] **grant other relief** which would assist in stopping further domestic violence (describe)

_Due restriction n serious mess in writing in the_

_past, request that Court order a ps/cological assessment of assailst_ and,

(2) **Cause a summons to be issued for Respondent**, setting a date, time and place for a **hearing** to consider all relief to which Petitioner may be entitled, including those matters contained in paragraph (1) on this page of this motion, and as appropriate, **mandatory** counseling for Respondent and other relief as may be authorized by statute.

Petitioner states the allegations contained herein are true on information and belief.

_____
Petitioner's / Movant's Signature

Subscribed and sworn to before me on _____ , 2____ .

Date: _____ , 2____          _____ *Name

                                         _____ Title

*Must be signed by circuit clerk or other individual authorized by Court to provide and verify emergency petitions.

**COURT ACTION:**

EPO/Summons: [ ] Issued [ ] Denied because: _____

_____

Summons: [✓] Issued [ ] Denied because: _Joseph Stevens_

_____

Date: _July 22, 2002_                                   _____ Judge

20/91



*COMMONWEALTH OF KENTUCKY*
*PIKE CIRCUIT COURT*
*FAMILY DIVISION*
*ACTION NO. 02-D-00202-001*

ENTERED

JUL 25 2002

**AMY JERRINE MICHLER**          *PETITIONER*

**VS:**

**JONAH LEE STEVENS**          *RESPONDENT*

●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●

*The regular Judge being disqualified to preside in the above styled proceeding by reason of KRS 26A.015 (2): (CIRCLE ONE) (a), (b), (c), (d)1, (d)2, (d)3, (d)4, (e), such fact is hereby ordered certified to the Chief Regional Judge of the Order of the Supreme Court of Kentucky entered October 28, 1983 effective December 1, 1983, for the assignment of a Special Judge. The following information is furnished concerning the above styled proceeding (s): Certified Copy Of Court File. Due to Hon Jonah Stevens being a practicing attorney before this Court.*

_____

*Nature of case: Domestic - Divorce Action*     *To be tried by (Jury) (Judge)*

*Date Set:_____*     *Estimated Court Time:_____*

*ATTORNEY OF PETITIONER:*     *ATTORNEY FOR RESPONDENT:*
*HON. SIDNEY TRIVETTE*     *HON. AGNES (SIPPLE) TRUJILLO*
        *(GAL) _____*

     *DATE: 07/25/02*

*Judge, Pike Circuit Court*



PLAINTIFF'S
EXHIBIT
3

ENTERED

JUL 25 2002

DAVID ~~~~~~~~~~
PIKE CIRCUIT DISTRICT COURT

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
FAMILY DIVISION
ACTION NO. 02-D-00202-002

JONAH LEE STEVENS                                                        PETITIONER

VS:

AMY JERRINE MICHLER                                                      RESPONDENT

************************************************

The regular Judge being disqualified to preside in the above styled proceeding by reason

of KRS 26A.015 (2):  (CIRCLE ONE) (a),   (b),   (c),   (d)1,   (d)2,   (d)3,   (d)4,   (e),

such fact is hereby ordered certified to the Chief Regional Judge of the Order of the Supreme

Court of Kentucky entered October 28, 1983 effective December 1, 1983, for the assignment of

a Special Judge.    The following information is furnished concerning the above styled

proceeding (s):    Certified Copy Of Court File.  Due to Hon Jonah Stevens being a practicing

attorney before this Court.

_____

Nature of case: Domestic - Divorce Action          To be tried by   (Jury)   (Judge)

Date Set:_____          Estimated Court Time:_____

ATTORNEY OF PETITIONER:                            ATTORNEY FOR RESPONDENT:
HON. AGNES SIPPLE TRUJILLO                          HON.   SIDNEY TRIVETTE
                        (GAL) _____

        DATE:       07/25/02

                                                   _____
                                                   Judge, Pike Circuit Court



**COMMONWEALTH OF KENTUCKY**
**PIKE CIRCUIT COURT**
**FAMILY DIVISION**
**ACTION NO. 01-CI-01197**

*JONAH LEE STEVENS*                                                 *PETITIONER*

*VS:*

*AMY JERRINE STEVENS*                                               *RESPONDENT*

**●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●**

*The regular Judge being disqualified to preside in the above styled proceeding by reason of KRS 26A.015 (2): (CIRCLE ONE) (a), (b), (c), (d)1, (d)2, (d)3, (d)4, (e), such fact is hereby ordered certified to the Chief Regional Judge of the Order of the Supreme Court of Kentucky entered October 28, 1983 effective December 1, 1983, for the assignment of a Special Judge.   The following information is furnished concerning the above styled proceeding (s):   Certified Copy Of Court File.  Due to Hon Jonah Stevens being a practicing attorney before this Court.*

_____

*Nature of case: Domestic - Divorce Action*        *To be tried by  (Jury)  (Judge)*

*Date Set:*_____        *Estimated Court Time:*_____

*ATTORNEY OF PETITIONER:*                *ATTORNEY FOR RESPONDENT:*
*HON. AGNES SIPPLE TRUJILLO*              *HON.  SIDNEY TRIVETTE*
                          *(GAL)* _____

           *DATE:*    *07/25/02*

                                                     _____
                                                     *Judge, Pike Circuit Court*

23/01

# Case History

**MISCHLER, AMY VS, STEVENS, JONAH**

### Case# 02-D-00202-001

Generated: 06/10/2008  11:08:18AM

| County | PIKE | |
|---|---|---|
| **Court** | DISTRICT Court | |
| **Opening Judge** | COM. RUSH FRED HATFIELD | |
| **Current Judge** | HON. LARRY THOMPSON | |
| **Closing Judge** | HON. LARRY THOMPSON | Page # |

| Date | Event | |
|---|---|---|
| 07/22/2002 | **Document Filed**<br>ORDER FOR EMERGENCY PROTECTION | |
| 07/22/2002 | **Document Filed**<br>COMPLAINT / PETITION | |
| 07/22/2002 | **Summons Filed - STEVENS, JONAH @00000014898**<br>PERSONAL SERVICE | |
| 07/22/2002 | **Case Filed**<br>FAMILY COURT<br>DOMESTIC VIOLENCE | |
| 07/25/2002 | **Document Filed**<br>ORDER - OTHER<br>*ASSIGNMENT FOR SPECIAL JUDGE COPIES MAILED BY JG TO JUDGE PAXTON* | |
| 08/02/2002 | **Document Filed**<br>RETURN OF SERVICE<br>*certified mail sent to judge paxton* | |
| 08/02/2002 | **Document Filed**<br>ORDER SETTING TRIAL / HEARING<br>*set for 8-7-2 at 9;00* | |
| 8/05/2002 | **Scheduled Event**    Aug 5 2002 at 00:00<br>DOMESTIC VIOLENCE | |
| 08/07/2002 | **Scheduled Event**    Aug 7 2002 at 09:00 AM<br>DOMESTIC VIOLENCE | |
| 09/09/2002 | **Case Disposed**    49  Days<br>DISMISSED (JUV) | |
| 09/09/2002 | **Document Filed**<br>ORDER-DOMESTIC VIOLENCE-DISMISSED | |
| 09/23/2002 | **Document Filed**<br>ORDER - OTHER<br>*order dismissed as to child custody* | |

I, W. David Deskins, Clerk of the Pike Circuit/District Courts do certify that the foregoing is a true and correct copy of the original documents as filed in my office. In TESTIMONY WHEREOF witness my hand as clerk aforesaid this 10ᵗʰ day of June 2008

W. DAVID DESKINS  BY: _____ D.C.



PLAINTIFF'S EXHIBIT 4

24/91

STEVENS, LEE VS. STEVENS, JERRINE
Case# 01-CI-01197

County PIKE
Court CIRCUIT Court
:ning Judge HON. LARRY THOMPSON
urrent Judge HON. LEWIS D. NICHOLLS
:sing Judge HON. LARRY THOMPSON

| | | | Page # |
|---|---|---|---|
| 7/26/2002 | **Scheduled Event** MOTION HOUR HON. LARRY THOMPSON | Jul 26 2002 at 1:00 PM | |
| 7/26/2002 | **Document Filed** ORDER CERTIFYING NEED FOR SPECIAL JUDGE *CERTIFIED COPY TO JULIE PAXTON* | | 31 |
| 7/26/2002 | **NOE to All Counsel of Record and Parties Not Represented by Counsel.** ORDER CERTIFYING NEED FOR SPECIAL JUDGE FIRST CLASS MAIL *CERTIFIED COPY TO JULIE PAXTON* | 7/26/02    RECEIPT | 32 |
| 08/05/2002 | **Document Filed** RETURN OF SERVICE *GREEN CARD-7-29-02* | | 33 |
| 08/09/2002 | **Scheduled Event** MOTION HOUR NOT APPLICABLE | Aug 9 2002 at 00:00 | |
| 08/09/2002 | **Motion Filed** MOTION TO WITHDRAW ATTORNEY FOR DEFENDANT (CIVIL) *SID TRIVETTE AS ATT. (COPY SENT TO JUDGE PAXTON)* | | 34 — 35 |
| 11/29/2005 | **Motion Filed** MOTION TO REDOCKET COUNTY ATTORNEY *AND MOTION TO INTERVENE MOTION TO ESTABLISH C/S AND MEDICAL ORDER / MOTION FOR ORDER FOR INCOME WITH HOLDING / MOTION TO MAKE CABINET F OR FAMILIES AND CHILDREN PAYEE* | | 36 |
| 12/02/2005 | **Scheduled Event** MOTION HOUR NOT APPLICABLE *COPY SENT TO JUDGE* | Dec 2 2005 | |
| 12/02/2005 | **Motion Filed** MOTION - OTHER DEFENDANT / RESPONDENT *MOTION TO CORRECT INACCURACIES IN MOTION FILED BY THE PIKE COUNTY AT TORNEY, MOTION FOR FULL PHYSICAL C USTODY* | | 37 — 42 |
| 12/02/2005 | **Document Filed** RESPONSE AP | | 43 — 44 |
| 12/09/2005 | **Scheduled Event** MOTION HOUR NOT APPLICABLE *COPY SENT TO SPECIAL JUDGE* | Dec 9 2005 | |
| 12/14/2005 | **Scheduled Event** MOTION NOT REQUIRING HEARING HON. JULIE PAXTON | Dec 14 2005 | |
| 12/14/2005 | **Motion Filed** MOTION TO COMPEL DEFENDANT / RESPONDENT *MOTION TO SANCTION PETITIONER FOR FAILURE OF CERTIFICATE OF SER.* | | 45 — 48 |

25/91

CUIT Court          01-CI-01197          Page 4 of 30

Generated: 06/10/2008  11:09:40AM

# Case History

## STEVENS, JONAH VS. MICHLER, AMY

### Case# 02-D-00202-002

| | | |
|---|---|---|
| **County** | PIKE | |
| **Court** | DISTRICT Court | |
| **Opening Judge** | COM. RUSH FRED HATFIELD | |
| **Current Judge** | HON. LARRY THOMPSON | |
| **Closing Judge** | HON. LARRY THOMPSON | Page # |

| Date | Event | |
|---|---|---|
| 07/22/2002 | **Case Filed**<br>FAMILY COURT<br>DOMESTIC VIOLENCE | |
| 07/22/2002 | **Document Filed**<br>COMPLAINT / PETITION | |
| 07/22/2002 | **Document Filed**<br>ORDER FOR EMERGENCY PROTECTION | |
| 07/22/2002 | **Summons Filed - MICHLER, AMY**  @00000014899<br>**JERRINE**<br>PERSONAL SERVICE | |
| 07/23/2002 | **Summons Served/Recalled -**  @00000014899<br>**MICHLER, AMY JERRINE**<br>PERSONAL SERVICE | |
| 08/02/2002 | **Document Filed**<br>ORDER SETTING TRIAL / HEARING<br>*rescheduling 8-5-2 at 1:00 for 8-7-2 at 9:00* | |
| 08/05/2002 | **Scheduled Event**  Aug 5 2002 at 00:00<br>DOMESTIC VIOLENCE | |
| 08/07/2002 | **Scheduled Event**  Aug 7 2002 at 09:00 AM<br>DOMESTIC VIOLENCE | |
| 09/09/2002 | **Case Disposed**  49  Days<br>DISMISSED (JUV) | |
| 09/09/2002 | **Document Filed**<br>ORDER-DOMESTIC VIOLENCE-DISMISSED | |

I, W. David Deskins, Clerk of the Pike Circuit/District Courts do certify that the foregoing is a true and correct copy of the ... as filed in my office ... my hand ... 20 0 8

D.C.

in ... ac ... ing. (

26/a1

AUG 10,2004 13:01                                                                          Page 2

## From the Desk of
### *Jonah Stevens, Atty. At Law*
## P.O. Box 1286
## Pikeville, Kentucky 41502
## 606 - 437- 6555
## Fax : 606-437-6553

## August 10, 2004

**Amy Mischler**
**P.O. Box 1083**          Fax : 606-638-9905
**Louisa, Kentucky 41230**


I have received your unsigned letter via a fax on this date 8-10-04 from Mr. Hogan's office. As you are aware the Family Court has jurisdiction in this matter, and from your letter it appears that you are intending to unilaterally change the childrens' schedule in violation of the Court's order. Please note that exchanges are to take place at Granny's as agreed upon in Court. The children have consistency with all of us being care givers they are used to that, and the schedule we have operated under for 6 months at your request of :

> Mon. = Me
> Tues = You
> Weds= Granny
> Thurs= whoever does not have the weekend
> with the Children
> Fri, Sat & Sunday Day = weekend
> Sun Eve = Granny

has worked out rather well for Tucker and Zachary, who has actually said : "I love it the way it is".

I take exception to you telling others I am on drugs, a total fabrication, I will submit to a 24/7 test from the court. As well I take a further exception to you telling Zack, that I love Berniadean's children better than him, a fact for which you also said in front of Cody at Food City, and he clearly remembers . And the




PLAINTIFF'S EXHIBIT 5

Mr. Sid Trivette, Attorney
Pikeville, Ky. 41501

You were my attorney, when I adopted my son Terry Stevens back in the 70's so later in 1997-1998, I talked to you over the telephone and explained to you my unique position in being the grandmother who primarily kept my grandson-Zachary Stevens, and my desire to keep Zachary in my home in the event martial discord was not abated between my son and his wife. At that time you did not ask their names but it is fact Jonah Stevens and Amy Stevens-Mischler.

Anyhow I followed your advice, and now you have prepared legal papers seeking to take Zachary away and to Virginia, in addition to Tucker his brother, who was not born at the time we talked.

Given the confidential information I have already shared with you concerning my unique position in this situation, and my expected intervention I feel that is inappropriate for you to continue as Amy's counsel now that you are aware I am involved in this case and what I risk losing, especially after I followed your advice : to continue to watch the child Zachary, to note any special events, and to wait to file any intervention or custody papers myself upon ripened events that I might testify about, some of which I explained to you. Also, I wanted to file for custody back in 1997-1998, but you told me to wait.

I prefer to keep even this letter confidential. I realize that you were not aware of Jonah's and Amy's names when we spoke, we focused on my status as the primary care giver, and my desire to remain the same, now I will have to testify about some of those things I shared with you, and of course I would now feel a bit uncomfortable having the attorney who gave me advice actually now inadvertenly adverse to me.

Sincerely yours,

*Glema Stevens*    7-24-200.

Glema Stevens

EXHIBIT

5A

AOC-275.1
Rev. 2-00
Page 1 of 3
Commonwealth of Kentucky
Court of Justice
KRS Chapter 403

**DOMESTIC VIOLENCE PETITION/MOTION**

Case No. _____

County _____

| Jonah | Lee | Stanton | **PETITIONER** |
| First | Middle | Last | vs. |

| Amy | Janine | Mischler | **RESPONDENT** |
| First | Middle | Last | |

**Information about Respondent:**

Current Residence: Apt. 9 Northgate Drive, Pikeville KY

Across from old Food City on US 119

Usual Residence: Same

Occupation: Unemployed

Employer Name: _____

Employer Address: _____

| Sex | Race | Birthdate | Height | Weight | SSN | Operator License # | State |
|---|---|---|---|---|---|---|---|
| F | White | ██ 65 | 5'4" | 200 | | | KY |

**CAUTION:** [ ] Weapon involved  [ ] Believed to be armed and dangerous

The Parties have a [ ] custody [ ] dissolution action pending in _____ Circuit Court.

[ ] Petitioner, [X] Petitioner, on behalf of minor child(ren) says that on April 14, 2006, in Pike County, Kentucky, the above-named Respondent engaged in act(s) of domestic violence and abuse, in that*:

She had the parties minor child ██████, age 6, out on the streets of Pikeville in over 80° heat when he was sick with strep throat forcing him to walk up and down the street holding a large sign after she failed to purchase his antibiotics. The child needed the medication the day before and she failed to purchase it even though she had the means to do so. ~~████████~~ It is the Petitioner's good faith belief that the Respondent is mentally impaired or desires to embarrass and/or humiliate the Petitioner so much she is willing to hurt the children ~~████████~~ The child became sicker after going to go 2 days without medication and standing outside and he was extremely distraught. I am in fear that the children will be harmed if she is constitutionally allowed until she gets some extensive mental health treatment. She left factory home

ies to:
Court File
Petitioner (copy with ~~████~~ she left this and he was sick also?
Respondent (copy with blacked-out portion served with summons)
Local Department for Community Based Services, CFC
Court Clerk in County of Petitioner's usual residence, if different
Law enforcement agency(ies) designated for service
Law enforcement agency/dispatch center responsible for LINK entry

*If additional space is needed for the factual statement, type on a separate ___ er and attach to the ___ on.

ENTRIES IN BOXES ARE COMPLETE, ACCURATE AND LEG___

ORKS ISSUES. 29/91

EXHIBIT 6

C. no. _____

## MOTION FOR RELIEF

Petitioner, on behalf of minor child(ren), requests that the Court:

gency protective order based on the presence of an immediate and present danger of ce and abuse to:

Respondent from committing any further acts of domestic violence and abuse; and/or

spondent from any contact or communication with Petitioner except as directed by the Court;

spondent from disposing of, or damaging, any property of the parties; and/or

spondent to vacate residence shared by the parties located at *(specify address)*:

_____

_____ ;

rary custody of minor child(ren);

rary child support in accordance with Ky Child Support Guidelines. I will, if possible, income of both parents at the hearing by producing income tax returns, paystubs or employer If either parent is self-employed I will, if possible, produce receipts and expense statements. Respondent will also be notified by **summons** to produce these documents.

relief which would assist in stopping further domestic violence *(describe)*

Respondent from any contact —or communication— with the children, and not to go to hool until this matter is addressed in a hearing before the co and,

s to be issued for Respondent, setting a date, time and place for a hearing to consider all itioner may be entitled, including those matters contained in paragraph (1) on this page of as appropriate, mandatory counseling for Respondent and other relief as may be authorized

gations contained herein are true on information and belief.

_____
Petitioner's / Movant's Signature

ED WHICH SAYS NO CONTACT AND YOU DECIDE TO HAVE CONTACT WITH THE RESPONDENT ECT, YOU MAY BE PLACING YOURSELF AT RISK. ADDITIONALLY, SUCH CONTACT MAY RESULT NG ARRESTED FOR VIOLATING THE ORDER.

efore me on _____ *Name

_____, 2____ _____ Title

clerk or other individual authorized by Court to provide and verify emergency petitions.

[ ] Issued [ ] Denied because: _____

_____

_____

[ ] Issued [ ] Denied because: _____

_____

30/91

_____ Judge

CERTIFICATION

an applicant or a recipient of Medicaid Only or KCHIP benefits. I have read this form or someone has read it to me. I understand that by applying for or accepting Medicaid Only or KCHIP benefits, I automatically assign (transfer) to CFC the right to current medical support due me or any other family member who receives medical support for as long as medical support is received.

If I choose to receive full child support services, I understand that the Social Security number(s) I provide may be used by child support staff in the provision of child support services. For example, a Social Security number may be used for any of the following:

- locating the noncustodial parent or obligor;
- income withholding;
- federal or state tax refund offset or both;
- reporting past-due support to certified consumer reporting a
- submitting past-due support for administrative offset of certain federal payments.
- locating assets belonging to the noncustodial parent or obligor; and
- denying, revoking, or suspending a license or certificate.

**Nov. 29 - 2005 KCHIP**

. understand that the Social Security number(s) I provide also may be used to enroll the child(ren) in a health insurance plan.

understand my right to claim good cause for not cooperating. I understand my rights and responsibilities in regard to the child support program as explained by this form.

certify that I understand I am required to cooperate fully with CFC in taking legal action to establish and enforce medical support against the parent of each child for whom I receive Medicaid Only or KCHIP benefits.

understand and acknowledge that any CFC attorney to whom I am referred will assist me, but is not my personal attorney and will not represent me in any legal matter because of his or her obligation to provide legal services to and for CFC and the Commonwealth of Kentucky.

understand that there may be some delay before medical support is paid directly to CFC. Therefore, I agree to forward any money I receive from the noncustodial parent or obligor for medical support to CFC beginning with the date I receive Medicaid Only or KCHIP benefits. I will send any such support by check or money order made payable to the Division of Child Support. If I receive support by check, I will endorse the check and add: **"Payable only to the Division of Child Support."**

VILL MAIL THE SUPPORT TO:    DIVISION OF CHILD SUPPORT
POST OFFICE BOX 14059
LEXINGTON, KY 40512-4059

X _____         X ___11/29/05____
inature of Applicant/Recipient                     Date

ave provided the applicant/recipient with a copy of this form.

_____              11/29/05
nature of Caseworker                              Date

PLAINTIFF'S
EXHIBIT
8

3/91                     "CHILDREN FIRST"                CS-333.3 (Rev. 7/03)



AOC-275.2
Rev. 9-04
Doc. Code: OEP
Summons Type DV
Page 1 of 2
www.kycourts.net

# EMERGENCY ORDER OF PROTECTION AND SUMMONS

*alias*

Case No. 02-D-00202-003

Court _Family_

County _Pike_    State _KY_

## PETITIONER/PLAINTIFF

Jonah    Lee    Stevens
First    Middle    Last

And/or on behalf of minor family members(s): (list name(s))

DOB and relationships of Petitioner): _____

**V.**

## PETITIONER/PLAINTIFF/IDENTIFIERS

9-26-62

Date of Birth of Petitioner

Other Protected Persons/DOB:

**NO NEED TO RESERVE**

## RESPONDENT/DEFENDANT

Amy    Jerrine    Mischle
First    Middle    Last

Relationship to Petitioner: ☐ spouse ☑ former spouse
☐ unmarried, child in common ☐ unmarried, currently
or formerly living together ☐ child ☐ stepchild
☐ parent ☐ grandparent ☐ other relative (specify)

Respondent Address: _Apt. 9 Northgate Dr,_
_Pikeville, KY 41501_

## RESPONDENT/DEFENDANT IDENTIFIERS

| SEX | RACE | DOB | HT | WT |
|---|---|---|---|---|
| F | W | 9-22-68 | 5'4" | 200 |

| EYES | HAIR | Social Security # |
|---|---|---|
| Be | Red | |

| DRIVERS LICENSE # | STATE | EXP. DATE |
|---|---|---|
| | | |

Distinguishing Features _____

**CAUTION:**    ☐ Weapon involved    ☐ Armed and Dangerous    ☐ Divorce/Custody/Visitation case pending

## THE COURT HEREBY FINDS:

That it has jurisdiction over the parties and subject matter, and Kentucky law providing Respondent notice and opportunity to be heard.

☐    Additional findings of this order are as set forth below.

## THE COURT HEREBY ORDERS:

☐    That the above-named Respondent be restrained from committing further acts of abuse or threats of abuse.
☐    That the above-named Respondent be restrained from any contact with the Petitioner/Plaintiff.
☐    Additional terms of this order are as set forth below.

The terms of this order shall be effective until   5-8  , 2006   (not to exceed days from date of issue.  KRS 403.740(4)).

## WARNING TO RESPONDENT:

This order shall be enforced, even witho[ut] ...urts of any state, the District of Columbia, any U.S. Territory, and may be enforced by ... Section 2265).  Crossing state, territorial, or tribal boundaries to violate this order m... prisonment (18 U.S.C. Section 2262). Only the Court can change this order.



PLAINTIFF'S EXHIBIT
10

32/91

Z
J4
Code: OEP
Summons Type DV
Page 2 of 2

Case No. | 02-D-00202-003 |

**ADDITIONAL FINDINGS:** The Court, having reviewed the petition and being sufficiently advised, finds that the allegations indicate an immediate and present danger of domestic violence and abuse.

**THEREFORE, IT IS FURTHER ORDERED:**

☑ That the above-named Respondent be restrained from any communication with the above-named Petitioner.

☑ That the above-named Respondent remain at all times and places at least **1,000** feet away from Petitioner and Petitioner's family or household;

☐ except as follows: _____

_____

☐ That the above-named Respondent be restrained from disposing of, or damaging, any property of the parties.

☐ That the above-named Respondent vacate the residence shared by the parties located at _____
(specific address)

_____

☑ In accordance with the criteria of KRS 403.270, 403.320 and 403.420, temporary custody of

**Zachary & Tucker Stevens**

be awarded to **Jonah Stevens** .

☐ In order to assist in eliminating future acts of domestic violence and abuse_____

_____

**SUMMONS**

A hearing will be held on **5-8** , 2 **006** , at **1:00** p. m. in **Family** Court located at **4th floor BB&T bank** . A legal action has been filed against you in this court, alleging facts and demanding relief as shown in the document(s) delivered to you herewith. You are summoned to appear on this date, time and place to respond to the allegations. You must produce at the above court appearance: income tax returns, paystubs, or employer statements to document your income in the event temporary child support is ordered. If you are self-employed, you must produce receipt and expense statements. **VIOLATION OF THIS ORDER SHALL CONSTITUTE CONTEMPT OF THIS COURT AND MAY RESULT IN CRIMINAL CHARGES. ANY PEACE OFFICER SHALL ARREST THE RESPONDENT WITHOUT A WARRANT UPON PROBABLE CAUSE THAT A VIOLATION OF THIS ORDER HAS OCCURRED.**

| PCSD KSP | | |
|---|---|---|
| Agency Assigned Service | Date | Judge |

**PROOF OF SERVICE**

These documents were served by delivering true copies to: _____

this_____, 2_____, at_____o'clock, _____m. ☐ Ky. License to Carry surrendered.

Served By: _____ Copies to: Court file; Petitioner; Court Clerk in county of Petitioner's usual residence, if different; Law Enforcement Agency/dispatch center responsible for LINK entry; Law Enforcement Agency(ies) designated for service; Local Dept. for Community Based Services (CFC). **Ensure entries in boxes are complete and legible. Without** correct information in each box, Order **MAY NOT** be entered into LINK.

33/91

AOC-275.2
Rev. 5-03
Doc. Code: OEP
Summons Type DV
Page 2 of 2

Case No. 02-0-00202-003

**ADDITIONAL FINDINGS:** The Court, having reviewed the petition and being sufficiently advised, finds that the allegations indicate an immediate and present danger of domestic violence and abuse.

**THEREFORE, IT IS FURTHER ORDERED:**

☑ That the above-named Respondent be restrained from any communication with the above-named Petitioner.

☑ That the above-named Respondent remain at all times and places at least 1,000 feet away from Petitioner and Petitioner's family or household;

☐ except as follows: _____

_____

☐ That the above-named Respondent be restrained from disposing of, or damaging, any property **ENTERED**

☐ That the above-named Respondent vacate the residence shared by the parties located at _____ **APR 27 2006** (specific address)

DAVID __ CLERK
PIKE CIRCUIT/DISTRICT COURT
BY _____

☑ In accordance with the criteria of KRS 403.270, 403.320 and 403.420, temporary custody of

Zachary + Tucker Stevens

be awarded to Jonah Stevens with visitation as follows to be supervised - Resp to call with name of whom will be supervising the visit. from 10:00 am Sunday to 7:00 pm. Sunday

☐ In order to assist in eliminating future acts of domestic violence and abuse_____

**SUMMONS**

A hearing will be held on 5-8 , 2006 , at 1:00 p. m. in Family Court located at 4th Floor BB+T Bank . A legal action has been filed against you in this court, alleging facts and demanding relief as shown in the document(s) delivered to you herewith. You are summoned to appear on this date, time and place to respond to the allegations. You must produce at the above court appearance: income tax returns, paystubs, or employer statements to document your income in the event temporary child support is ordered. If you are self-employed, you must produce receipt and expense statements. **VIOLATION OF THIS ORDER SHALL CONSTITUTE CONTEMPT OF THIS COURT AND MAY RESULT IN CRIMINAL CHARGES. ANY PEACE OFFICER SHALL ARREST THE RESPONDENT WITHOUT A WARRANT UPON PROBABLE CAUSE THAT A VIOLATION OF THIS ORDER HAS OCCURRED.**

| PCSD / KSP | 4-25-06 | _____ |
|---|---|---|
| Agency Assigned Service | Date | Judge |

**PROOF OF SERVICE**

These documents were served by delivering true copies to: _____

_____ , 2_____ , at _____ o'clock, _____ m. ☐ Ky. License to Carry surrendered.

Served By: _____ Copies to: Court file; Petitioner; Court Clerk in county of Petitioner's usual residence, if different; Law Enforcement Agency/dispatch center responsible for LINK entry; Law Enforcement Agency(ies) designated for service; Local Dept. for Community Based Services (CFC). **Ensure entries in boxes are complete and legible. Without correct information in each box, Order MAY NOT be entered into LINK.**

34/91

**ENTERED**

COMMONWEALTH OF KENTUCKY
PIKE FAMILY COURT
CIVIL ACTION NO. 01-CI-01197
HON. JOHN DAVID PRESTON, SPECIAL JUDGE

DEC 13 2006

DAVID DESKINS, CLERK
PIKE CIRCUIT/DISTRICT COURT
BY:_____D.C.

IN RE: THE MARRIAGE OF:

JONAH STEVENS                                    PETITIONER

VS.                          **ORDER**

AMY MISCHLER                                     RESPONDENT

************************

This action was called for hearings on motions on December 12, 2006,

with Petitioner being present and being represented by Hon. Wesley

Duke, and the Respondent being present, but not represented by counsel.

Having heard the arguments of the attorney or party, **IT IS ORDERED**

as follows:

1.      The Petitioner's motion to extend the DVO was withdrawn

and the same is considered moot.

2.      The Respondent made a motion to dismiss the Domestic

Violence Order. The Court has reviewed the order, and

finds that insufficient grounds were stated in the petition

for the issuance of a Domestic Violence Order. KRS

**PLAINTIFF'S EXHIBIT**
11

35/91

Stevens. It appears that his full name is Jonah Lee Stevens.

There being no matter upon which the Court can grant

relief, the motion is denied.

5.     Respondent presented to the Court a motion for ruling on

jurisdiction relating to an arrest warrant for custodial

interference, which was apparently issued in Pike District

Court. The Court is without jurisdiction to consider the

question relating to a criminal matter in another county, and

therefore denies the motion.

DATED this the __12__ day of December, 2006.

HON. JOHN DAVID PRESTON
SPECIAL FAMILY COURT JUDGE
PIKE FAMILY COURT

36/91

**STEVENS, LEE VS. STEVENS, JERRINE**

**Case# 01-CI-01197**

| County | PIKE | |
|---|---|---|
| Court | CIRCUIT Court | |
| Opening Judge | HON. LARRY THOMPSON | |
| Current Judge | HON. LEWIS D. NICHOLLS | |
| Closing Judge | HON. LARRY THOMPSON | Page # |

| Date | | Page # |
|---|---|---|
| 01/03/2008 | **Motion Filed**<br>MOTION TO PROCEED IN FORMA PAUPERIS<br>DEFENDANT / RESPONDENT | 952 – 962 |
| 01/15/2008 | **Motion Filed**<br>MOTION - OTHER<br>ATTORNEY FOR PLAINTIFF<br>*FOR ADDITIONAL TIME FOR CUSTODIAL EVALUATION* | 963 – 965 |
| /24/2008 | **Document Filed**<br>ORDER FOR EXTENSION OF TIME<br>JUD<br>*MOTION FOR ADDITIONAL TIME FOR S USTAINED, EVAL. DEADLINE WAS 2-28- 08, THE COURT ORERS NOW DEADLINE I S 5-1-08 EVAL. DONE BY DR. SALLY B RENZEL* | 966 |
| 01/24/2008 | **NOE to All Counsel of Record and**<br>**Parties Not Represented by Counsel.**<br>ORDER FOR EXTENSION OF TIME<br>FIRST CLASS MAIL<br>*MOTION FOR ADDITIONAL TIME FOR S USTAINED, EVAL. DEADLINE WAS 2-28- 08, THE COURT ORERS NOW DEADLINE I S 5-1-08 EVAL. DONE BY DR. SALLY B RENZEL* | |
| 1/28/2008 | **Document Filed**<br>RESPONSE<br>AP<br>*TO RESPONDENTS MOTION FOR SANCTION S* | 967 – 995 |
| 01/30/2008 | **Document Filed**<br>OBJECTION<br>AD<br>*TO PETITIONERS REPSONSE MOTION TO STIKE PEITIONERS REPSONSE MOTION F OR SECOND SET OF SANCTIONS AGAINST PETITIONER MOTION FOR RULING ON A DMISSION AGAINST PETITIONERS INTER EST AND MOTION FOR THIRD SET OF SA* | 996 – 100! |
| 12/28/2008 | **Document Filed**<br>CORRESPONDENCE<br>*LETTER FROM AMY STEVENS MISCHLER* | 1006–1008 |
| 02/28/2008 | **Document Filed**<br>CORRESPONDENCE<br>D<br>*PRO-SE LETTER* | 1009–1011 |
| 02/28/2008 | **NOE to All Counsel of Record and**<br>**Parties Not Represented by Counsel.**<br>CORRESPONDENCE<br>FIRST CLASS MAIL<br>*PRO-SE LETTER* | |
| 03/03/2008 | **Document Filed**<br>ORDER DISMISSING<br>*APPEAL FROM COA* | 1012–1013 |
| 05/30/2008 | **Scheduled Event**   May 30 2008<br>MOTION NOT REQUIRING HEARING<br>HON. LEWIS D. NICHOLLS | |
| 05/30/2008 | **Motion Filed**<br>MOTION - OTHER<br>DEFENDANT / RESPONDENT<br>*FOR REIMBURSEMENT OF EXPENSE/COPY MAILED TO HON.LEWIS NICHOLLS* | 1014–1017 |

EXHIBIT

tabbies*

12

CIRCUIT Court          01-CI-01197                    37/a1

State/Province: KY                    County: PIKE                          Court System: CIRCUIT
Department/Division: II                                                      Court Room: 2
Judge: LEWIS NICHOLS          Clerk/Steno: SABRINA BRUNSON Bailiff/Sheriff: Ralph Maynard
Date: 2009-06-23                      Log name suffix: COMBS2          Tape Number:

| Time | VCR Time | Digi. Time | Events |
|---|---|---|---|
| 09:04:12 | 00:00:00 | 00:00:00 | Camera Lock 3 Off |
| 09:04:43 | 00:00:00 | 00:00:00 | Camera Lock 3 Off |
| 09:05:02 | 00:00:00 | 00:00:00 | Camera Lock 1 Off |
| 09:05:07 | 00:00:00 | 00:00:00 | Tape start! Recording begins on 2009-06-23 |
| 09:05:07 | 00:00:00 | 00:00:00 | Start Cap:09h05m07s.asf on 2009-06-23 |
| 09:05:12 | 00:00:05 | 00:00:05 | Case number: 01-CI-1197 |
| | | | Case type: Final Hearing` |
| | | | Party 1: Jonah Stevens |
| | | | Party 2: Amy Mischler |
| | | | Counsel1: Hon Brian Cumbo |
| | | | Counsel2: Pro se |
| 09:05:19 | 00:00:12 | 00:00:12 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 09:06:48 | 00:01:41 | 00:01:41 | RESP.S NEW ADDRESS |
| 09:07:01 | 00:01:54 | 00:01:54 | RESP.S HOUSEKEEPING |
| 09:07:40 | 00:02:33 | 00:02:33 | PET. COUNSEL OBJECTING , WANTS TO PROCEED |
| 09:08:16 | 00:03:09 | 00:03:09 | RESP. MAY HAVE PRO-BONO COUNSEL FROM RUSSELL SPRINGS WHERE SHE RESIDES CURRENTLY |
| 09:08:51 | 00:03:44 | 00:03:44 | REPS. DOES REQUEST A CONT. |
| 09:09:13 | 00:04:06 | 00:04:06 | JUDGE DENIES RESP.S CONT. |
| 09:09:22 | 00:04:15 | 00:04:15 | RESP. REQUESTING RULING ON SOME ISSUES |
| 09:09:42 | 00:04:35 | 00:04:35 | AS TO VISITATION |
| 09:09:49 | 00:04:42 | 00:04:42 | RESP.S INDICATES SHE HAS NOT HAD VISITATION SINCE APRIL, DUE TO NO ONE TO SUPERVISE |
| 09:10:41 | 00:05:34 | 00:05:34 | RESP. PRODUCING SOME OF HER EVIDENCE |
| 09:12:43 | 00:07:36 | 00:07:36 | EXHIBIT JUNE 23, 2009  #1  ON BEHALF OF RESP. |
| 09:14:22 | 00:09:15 | 00:09:15 | RESP. STILL SO CALL TESTIFING |
| 09:16:18 | 00:11:11 | 00:11:11 | RESP. 6-23-09 #2 EXHIBIT ON BEHALF OF RESP. |
| 09:17:11 | 00:12:04 | 00:12:04 | RESP. TESTIFING |
| 09:18:13 | 00:13:06 | 00:13:06 | JUDGE TOLD RESP. ALL SHE IS TESTING TOO HAS ALREADY BEEN MADE PART OF THE  RECORD |
| 09:19:16 | 00:14:09 | 00:14:09 | RESP. TALKING |
| 09:21:47 | 00:16:40 | 00:16:40 | EXHINIT 6-23-09 #3 ON BEHALF OF THE RESP. |
| 09:22:20 | 00:17:13 | 00:17:13 | RESP,. TALKING ABOUT EXH. #3 |
| 09:26:13 | 00:21:06 | 00:21:06 | RESP. INDICATES FRAUD ON BEHALF OF JUDGE JULIE PAXTON AND JUDGE LARRY THOMPSON |
| 09:26:40 | 00:21:33 | 00:21:33 | RESP. EXHIBIT #4 DATED 6-23-09 |
| 09:28:01 | 00:22:54 | 00:22:54 | RESP. TALKING ABOUT EXHIBIT #4 |
| 09:30:11 | 00:25:04 | 00:25:04 | RESP. TALKING ABOUT FRAUD ON LEGAL PROCEEDINGS |
| 09:31:01 | 00:25:54 | 00:25:54 | RESP. TALKING ABOUT JULIE PAXTON FRAUD AS TO SUBPOENAS |
| 09:31:22 | 00:26:15 | 00:26:15 | RESP. TESTIFING ABOUT  PART- E |
| 09:32:58 | 00:27:51 | 00:27:51 | RESP. EXHIBT #5 DATED 6-23-09 |
| 09:33:57 | 00:28:50 | 00:28:50 | RESP. TALKING ABOUT EXH. #5 |
| 09:34:09 | 00:29:02 | 00:29:02 | RESP. TALKING ABOUT NOT BEING SERVED  WITH A DEPO. |
| 09:36:23 | 00:31:16 | 00:31:16 | RESP. REQUEST A CONT. IF SHE DOESNT HAVE A COPY OF DEPO., |
| 09:37:04 | 00:31:57 | 00:31:57 | JUDGE DENIES CONT. AGAIN |
| 09:37:46 | 00:32:39 | 00:32:39 | RESP. INDICATES SHE HAS NO CONTACTS TO THE JUDGE TO SET MOTIONS THAT HAVE NOT BEEN I |
| 09:38:36 | 00:33:31 | 00:33:31 | RESP. INDICATES PET. HAS CUSTODY THRU FRAUD |
| 09:39:12 | 00:34:05 | 00:34:05 | RESP. TESTIFING AS TO HER LACK OF  VISITATION AND ANY CONTACT WITH HER CHILDREN |
| 09:40:04 | 00:34:57 | 00:34:57 | RESP. INDICATES THAT SHE REQUEST JUDGE NICHOLAS TO RECUSE |
| 09:41:30 | 00:36:23 | 00:36:23 | JUDGE OVERRULES  HER MOTION , |
| 09:41:50 | 00:36:43 | 00:36:43 | RESP. HAS AUDIO RECORDING OF HER SON ON CD |
| 09:42:06 | 00:36:59 | 00:36:59 | JUDGE SWEARS HER IN |
| 09:42:42 | 00:37:35 | 00:37:35 | RESP. ENTERS CD INTO THE RECORD FOR THE JUDGE TO HERE EXHIBIT #6 DATED 6-23-09 |
| 09:43:41 | 00:38:34 | 00:38:34 | RESP. TESTIFING ON THE STAND |
| 09:57:03 | 00:51:56 | 00:51:56 | ALL 3 CD'S WILL BE ENTERED ON THE RECORD |
| 09:58:29 | 00:53:22 | 00:53:22 | RESP.S TESTIFING ABOUT THE CONTENTS OF THE CD'S |

Page 1

38/a1

EXHIBIT

13



FILED

NOV 2 4 20

FRANKLIN CIRCUIT COURT
SALLY JUMP, C ... K

COMMONWEALTH OF KENTUCKY
FRANKLIN CIRCUIT COURT
1ST DIVISION
JUDGE PHILLIP SHEPHERD
08-CI-1039

AMY MISCHLER                                                    PLAINTIFF,

y. .                        NOTICE OF SERVICE

FORMER ATTORNEY GENERAL GREG STUMBO, et al.,          DEFENDANTS

********

Comes now the Plaintiff Pro Se who files this notice of service of the amended complaint

on November 19, 2008. A hearing took place where the following Counsel received an amended

complaint in this action. For judicial economy and the reduction of costs of litigation the

following individuals shall be considered served by the Plaintiff upon hand receipt of the

amended complaint. Should any of the Defendants Counsel object, they should raise this issue

timely before November 27, 2008 upon the record. Failure to object is confirmation that they

accept service for all individuals as listed.

OAG Counsel Craig Newborn for the following Defendants.
1) Former Attorney General Greg Stumbo
2) Former Judge Julie Paxton
3) Pike Commonwealth Attorney Rick Bartley
4) Pike County Circuit Court Clerk David Deskins
5) Former Kentucky Supreme Court Chief Justice Joseph Lambert
6) Prosecutors Advisory Council Chairman Jack Conway
7) AOC Director Jason Nemes
8) Judge Susan Johnson[1]
9) Judge Eddie Coleman
10) Judge Larry Thompson
11) Judge Steven Combs
12) Judge Darrell Mullins



EXHIBIT

14

---

[1] Susan Johnson is a district judge in Johnson County. Susan Howard is the SRA of CHFS based in Johnson County. Both Johnson and Howard have failed in duties to supervise their subsequent programs in connection to multiple malicious prosecutions by Stevens against the Plaintiff in both criminal and child abuse/neglect actions. At any time in this action 08-CI-1039 only Susan Johnson as judge in the criminal actions against the Plaintiff is referenced. Any typographical transference relating to Susan Howard from Johnson County should be replaced as Judge Susan Johnson, from Johnson County.

13) Judge Kelsey Friend
14) Trial Commissioner Fred Hatfield
15) Judge John David Preston
16) Judge Janie Wells
17) Judge Lewis Nicholls
18) Kentucky Bar Association

Counsel David Kaplan for Kathy Stein.

Counsel Morgan Spray:
1) KSP Commissioner Rodney Brewer
2) KSP Trooper Ryan Hamilton
3) KSP Trooper William Petry
4) KSP Sergeant Ronald Peppi

Counsel John Landers for DPA Steven Goble.

Counsel Michael Cain standing in for Counsel Cumbo for Jonah Stevens.

Counsel Jeremy Rogers for the News-Express.

Respectfully Submitted,

Amy Mischler
320 Inverness Avenue
Louisville, KY 40214
502-367-9214

Certificate of Service
This is to hereby certify that a true and correct copy of the foregoing was mailed, postage paid, on this the 21 day of November, 2008 to the following:

| Wayne T. Rutherford | Attorney General Jack Conway | Jon Fleishaker |
|---|---|---|
| Pike County Courthouse | 700 Capitol Avenue | Dinsmore & Shohl, LLP |
| 146 Main Street | Capitol Building, Suite 118 | 1400 PNC Plaza |
| Pikeville, KY 41501 | Frankfort, KY 40601-3449 | 500 West Jefferson Street |
| | | Louisville, KY 40202 |
| | | |
| David Kaplan | Roger Wright | Mary Ann Palmer |
| 700 Capitol Ave, Suite 303 Annex | 919 Versailles Road | 100 Fair Oaks lane, suite 301 |
| Frankfort, KY 40601 | Frankfort, KY 40601 | Frankfort, KY 40601 |

Brian Cumbo
P.O. Box 1844
Inez, KY 41224

40/91

| County | PIKE | | |
|---|---|---|---|
| Court | CIRCUIT Court | | |
| pening Judge | HON. LARRY THOMPSON | | |
| Current Judge | HON. LEWIS D. NICHOLLS | | |
| Closing Judge | HON. LARRY THOMPSON | | Page # |

| | | | |
|---|---|---|---|
| 11/29/2007 | **Document Filed**<br>ORDER - OTHER<br>JUD<br>*ISSUE OF PERM. CUST. WAS NOT BEFOR E THE COURT, UTIL EVALUATION IS CO MPLETED, COURT SET TIMES FRAME FOR EVAL..MOT.FOR UNSUP. VISIT. DENIE D WILL CONSIDER UNSUP. VSIITS AF TER EVAL.* | | 875 – 876 |
| 11/29/2007 | **NOE to All Counsel of Record and**<br>**Parties Not Represented by Counsel.**<br>ORDER - OTHER<br>FIRST CLASS MAIL<br>*ISSUE OF PERM. CUST. WAS NOT BEFOR E THE COURT, UTIL EVALUATION IS CO MPLETED, COURT SET TIMES FRAME FOR EVAL..MOT.FOR UNSUP. VISIT. DENIE D WILL CONSIDER UNSUP. VSIITS AF TER EVAL.* | | |
| 11/30/2007 | **Document Filed**<br>CORRESPONDENCE<br>D<br>*LETTER TO JUDGE THOMPSON FROM AMY MISCHLER* | | 877 – 889 |
| 11/30/2007 | **Document Filed**<br>MAIL RETURNED UNDELIVERED<br>*JOHN THACKER* | | 890 |
| 12/03/2007 | **Motion Filed**<br>MOTION - OTHER<br>DEFENDANT / RESPONDENT<br>*TO REQUEST RULING ON WHAT JURSIDIC TION DID JUDGE THOMPSON HAVE TO SI GN A HANDWRITTEN ORDER IN THIS CAS E* | | 891 – 902 |
| 12/03/2007 | **Document Filed**<br>MAIL RETURNED UNDELIVERED<br>*AMY STEVENS MICHLER* | | 903 |
| 12/03/2007 | **Document Filed**<br>NOTICE OF FILING<br>AP<br>*NAMES OF 2 DOCTORS PSYCH. EVAL.* | END VOL. VI | 904 – 905 |
| 12/04/2007 | **Document Filed**<br>ORDER SETTING ASIDE<br>JUD<br>*CAL.PAGE OF 11-21-07, JUDGE THOMPS ON SING IN ERROR, COURT ENTERED A RULING ON 11-7-07, FINDS THAT RES P. SUBMIT NAMES OF PSYCHOLOGISTS F OR CONSIDERATION, , IT SHALL BE D ONE BY DENNIS BUCHLOLZ, EVALUATION* | BEG. VOL. VII | 906 – 907 |
| 12/04/2007 | **NOE to All Counsel of Record and**<br>**Parties Not Represented by Counsel.**<br>ORDER SETTING ASIDE<br>FIRST CLASS MAIL<br>*CAL.PAGE OF 11-21-07, JUDGE THOMPS ON SING IN ERROR, COURT ENTERED A RULING ON 11-7-07, FINDS THAT RES P. SUBMIT NAMES OF PSYCHOLOGISTS F OR CONSIDERATION, , IT SHALL BE D ONE BY DENNIS BUCHLOLZ, EVALUATION* | | |
| 12/04/2007 | **Scheduled Event**    Dec 4 2007<br>MOTION NOT REQUIRING HEARING<br>NOT APPLICABLE<br>*COPY MAILED TO SPECIAL JUDGE NICHO LS* | 12/4/07 CORRESPONDENCE BRIAN CUMBO | 908 – 909 |

41/a1

EXHIBIT
15

| | | | Page # |
|---|---|---|---|
| **County** | PIKE | | |
| **Court** | CIRCUIT Court | | |
| ɔening Judge | HON. LARRY THOMPSON | | |
| Current Judge | HON. LEWIS D. NICHOLLS | | |
| **Closing Judge** | HON. LARRY THOMPSON | | |

| | | Page # |
|---|---|---|
| 08/06/2008 | **NOE to All Counsel of Record and Parties Not Represented by Counsel.** <br> **ORDER - OTHER** <br> **FIRST CLASS MAIL** <br> *PET TO PAY REMAINING FEE FOR DR. B RENZEL W/IN 30 DAYS RESP MOT OVERR ULED  FINAL* <br> *12-17-08@1PM*   **8/13/08 MRU  JOHN  THACKER** | 1107–110 |
| 09/02/2008 | **Document Filed** <br> NOTICE OF APPEAL <br> D <br> *NOTICE OF WRIT OF MANDAMUS/ MAILED  TO BRIAN CUMBO/ JUDGE LEWIS NICHO LS / HON. SAMUEL GIVENS* | 1110–111 |
| 10/20/2008 | **Document Filed** <br> EVALUATION <br> *CUSTODY EVALUATION SEALED FROM THE  PUBLIC* | 1113 |
| 10/30/2008 | **Document Filed** <br> REQUEST / APPLICATION <br> AD <br> *SECOND REQUEST FOR DISCOVERY INTER ROGATORIES* | 1114–112 |
| 11/17/2008 | **Motion Filed** . <br> MOTION TO COMPEL <br> ATTORNEY FOR DEFENDANT (CIVIL) | 1123–112 |
| 11/20/2008 | **Document Filed** <br> ORDER DISMISSING <br> *APPEAL FROM COA* | 1126 |
| 11/20/2008 | **Document Filed** <br> OBJECTION <br> AP <br> *AND RESPONSE AND MOTION FOR PROTEC TIVE ORDER     TENDERED ORDER AT TACHED/  MAILED* <br> *CERT. MAIL TO JUD GE LEWIS*   **CERTIFIED MAIL RECEIPT** | 1127–11: <br><br> 1140 |
| 11/20/2008 | **Document Filed** <br> TENDERED DOCUMENT | 1141–11 |
| 11/24/2008 | **Document Filed** <br> ORDER SETTING TRIAL / HEARING <br> *HR 12-17-08, RES. MOT. TO COMPEL O VERRULED & PREMATURE, MOT. FOR PRO T. ORDER* <br> *SUSTAINED-RES. TO CHOOSE  WHICH 30 INTERR. SHE WANTS ANS.... (COPY SENT CERTIFIED)* | 1143–11 |
| 11/24/2008 | **NOE to All Counsel of Record and** <br> **Parties Not Represented by Counsel.**   **CERTIFIED MAIL RECEIPT** <br> ORDER SETTING TRIAL / HEARING <br> FIRST CLASS MAIL <br> *HR 12-17-08, RES. MOT. TO COMPEL O VERRULED & PREMATURE, MOT. FOR PRO T. ORDER* <br> *SUSTAINED-RES. TO CHOOSE  WHICH 30 INTERR. SHE WANTS ANS.... (COPY SENT CERTIFIED)* | 1147 |
| 11/25/2008 | **Document Filed** <br> RETURN OF SERVICE <br> *BARBARA NICHOLOS SIGNED CARD* | 1148 |
| 11/25/2008 | **Document Filed** <br> ORDER OVERRULING <br> *RESP. MOTION TO COMPEL & PL., MOTI ON FOR PROTECTIVE ORDER IS SUSTAIN ED* | 1149–11 |

42/91

CIRCUIT Court          01-CI-01197

**EXHIBIT**

tabbies

15

Page 24 of 3(

The court advised the Respondent that it was only interested in evidence that was relevant to the issue of the relationship between the parties and their children and all of the factors that the court must consider for modification of custody pursuant to KRS 403.340. The Respondent again advised the court that these witnesses were necessary to prove how the children had illegally been taken from her custody. She also advised the court that she could not believe that Special Judge Lewis D. Nicholls was hearing the case because she had sued him in federal court. ████████████████████████ court that it should not hear the case because the Attorney General's Office was representing the court in the second lawsuit it brought against Judge Nicholls. ████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ court further advised the Respondent that a private law firm represented the court and not the Attorney General's Officer. The court further advised the Respondent that he had not received a summons for a second lawsuit brought by the Respondent and that he had no idea what she was talking about.

The court listened carefully to the arguments of the Hon. Craig F. Newbern, Jr. and the Respondent. After careful consideration the court found that the issuance of the subpoenas was unreasonable and oppressive and the same information could be obtained by other means pursuant to CR 45.02. The court further found that the evidence the Respondent wishes to present through these witnesses is irrelevant to the issues the court must consider. Therefore, the court sustained the motion to quash the subpoenas against Jeffrey Prather, Jason Nemes, Julie Paxton, Larry Thompson, Fred Hatfield, David Deskins, Marlene Castle, and Katie Hall.

43|91

EXHIBIT

16

JUL 2 0 2008

# COMMONWEALTH OF KENTUCKY
## PIKE COUNTY FAMILY CIRCUIT COURT
### ACTION NUMBER 01-CI-01197

JONAH "LEE" STEVENS                                               **PLAINTIFF**

V.                  **MOTION FOR JUDGE NICHOLS RECUSAL**
          **NOTICE OF MISPRISION OF A FELONY**

AMY MISCHLER                                                    **RESPONDENT**

**\*\*\*\*\*\*\***

Comes now the Respondent Pro Se, who requests that Judge Nichols recuse himself. Judge Nichols has 1) failed to give the Respondent access to the courts by refusing to have timely hearings and failing to even place the Respondents motions for hearing, 2) refused to follow the actual law concerning visitation, 3) refuse to set hearings to sanction the Plaintiffs counsel for misconduct when counsel introduced a transcript of a hearing written by the Plaintiffs counsel, 4) placing undue financial burdens on the Respondent, 5) and engaging in a judicial investigation ex parte and off the record on the Respondents motion of Judge Thompson acting without jurisdiction in this action.

Thus the Respondent had no choice but to sue Judge Nichols and his supervisor Judge Lambert/Minton in federal court for injunctive relief for Judge Nichols bad acts.

The Respondent requests judicial notice of the writ of Habeas Corpus filed in this action which shows that former judge Julie Paxton committed federal obstruction of justice crimes by acting as judge when she had no jurisdiction to do so. It then becomes readily apparent that Judge Nichols has engaged in his judicial misconduct actions to cover up Paxton's malfeasance and to punish and intimidate the Respondent from exposing judicial corruption from which even Supreme Court Justice Joseph Lambert had, or should have had actual knowledge since Paxton's ex parte communications had been reported to him and Lambert forced her to recuse in August

44/91



**EXHIBIT**
**17**

- *hur* -

2006. However, Lambert took no actions to rectify the harm caused to the Respondent by his agent, Paxton's obstruction of justice and fraud upon the court.

Not only does Judge Nichols have the duty to recuse under judicial canons, but Nichols has a duty to report Paxton's and others crimes to the appropriate individuals under Judicial Canon 3 and under federal law 18 U.S.C. § 4.

Further, new Chief Justice Minton is now noticed that he has the duty to force Judge Nichols to recuse, but also to report Nichols, former Chief Justice Lambert, and Paxton's crimes to the appropriates individuals under the judicial canon and under federal law 18 U.S.C. §4. Failure to report Paxton's obstruction of justice by acting without jurisdiction outlined in the Habeas Corpus is Minton's own misprision of a felony and violation of KRS 522.020.[1]

Respectfully submitted,

Amy Mischler
320 Inverness Avenue
Louisville, KY 40214

**Certificate of Service**
This is to certify that a true and accurate copy of the foregoing was mailed to the following, on this the 25th day of July 2008. Further, copies of motion and notice shall be filed in other actions and with federal authorities to assist their investigations of obstruction of justice against Julie Paxton, Larry Thompson, Nichols, David Deskins, Jonah Stevens, Garland Arnett and Kim Thompson.

Amy Mischler

| Brian Cumbo | Lewis Nichols | |
| P.O. Box 1844 | 1205 East Main Street | |
| Inez, KY 41224 | Greenup, KY 41144 | |
| | | |
| Pike County Circuit Court Clerk | Dinsmore & Shohl | Larry Franklin |
| P.O. Box 1002 | Lexington Financial Center | Courthouse Annex |
| Pikeville, KY 41502-1002 | 250 West Main Street, Suite 1400 | 315 West Main Street |
| | Lexington, KY 40507 | Frankfort, KY 40601 |

---

[1] The Respondent requested to Dinsmore & Shohl that their client Judge Nichols quietly recuse without the Respondent having to file a motion in order to save Dinsmore & Shohl's other client, Chief Justice Minton from embarrassment. Dinsmore & Shohl opted to do what was in clients Judge Nichols best interests even though it has cause Chief Justice Minton not only embarrassment, but exposes him to both criminal and civil individual liability.

45/91

# WESLEY W. DUKE
### ATTORNEY AT LAW
### P. O. Box 1066
### Paintsville, Kentucky 41240

Telephone
(606) 789-8551

Facsimile
(606) 789-1558

February 21, 2007

Amy Mischler
320 Inverness Avenue
Louisville, Kentucky 40214

RE:   Stevens v. Mischler
      Pike Family Court / C.A. No. 01-CI-01197

Ms. Mischler:

I am writing this with the hopes of being able to come to a resolution in the above styled matter.  I have been instructed by my client to offer to you the following settlement proposal.  Mr. Stevens is willing to agree that he would remain the residential custodian of the children and in return, he would agree to you having unsupervised standard visitation with the minor children.  The standard visitation of the Johnson Family Court calls for every other weekend plus alternating holidays and extended summer visitation of four weeks.

Mr. Stevens has also instructed me to offer to you as part of the settlement that in recognition of your current financial condition he will agree to pay you a lump sum each August for the next three years to assist in your financial circumstances.

If you could please review this matter and let me know as to your position relative to these issues, it would be greatly appreciated.  Thank you for your attention in this matter.

Cordially,

WESLEY W. DUKE, ESQ.

WWD/kdk

46/91

EXHIBIT
18

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

CIVIL ACTION NO. 3:08CV-231-M

AMY MISCHLER                                                    PLAINTIFF

VS.

JOSEPH LAMBERT, et al.                                          DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendants, Chief Justice Joseph E. Lambert, Judge Lewis Nicholls, Judge Larry Thompson, the Judicial Conduct Commission, and the Kentucky Bar Association, to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) [DN 10]. Fully briefed, this matter is ripe for decision.

### STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiff[], accept all well-pled factual allegations as true and determine whether plaintiff[] undoubtedly can prove no set of facts consistent with [her] allegations that would entitle [her] to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006)). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). A plaintiff must provide the grounds for her entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the

47/61



EXHIBIT
19

Case: 3:13-cv-00026-TWP   Doc #: 12-1   Filed: 11/15/13   Page: 48 of 60 - Page
Case 3:08-cv-00231-JHM-DW   Document 17   Filed 09/19/08   Page 2 of 13
ID#: 149

elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1964-65 (2007); Bredesen, 500 F.3d at 527. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." Bredesen, 500 F.3d at 527 (citing Twombly, 127 S.Ct. at 1965). To state a valid claim, "a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." Id. It is against this standard that the Court reviews the following allegations.

## BACKGROUND

Plaintiff, Amy Mischler, *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the Defendants in their official capacities deprived her of her constitutional rights. (Complaint at ¶1.) Plaintiff is a citizen of Kentucky who is currently involved in a domestic relations proceeding in the Pike Circuit Court, Family Court Division. Defendants, Chief Justice Joseph Lambert, Judge Lewis Nicholls, and Judge Larry Thompson, are judicial officers of the Commonwealth of Kentucky. Lambert was the Chief Justice of the Kentucky Supreme Court at the time Plaintiff filed this action. Chief Justice Lambert retired effective June 27, 2008. Judge Nicholls currently presides as a special judge over Plaintiff's domestic relations case in the Pike Circuit Court and Judge Thompson currently is a Pike County Circuit Court judge who previously presided over the case. The Kentucky Bar Association is an arm of the Kentucky Supreme Court that presides over the discipline of Kentucky attorneys. The Judicial Conduct Commission is a state body created

2

48/91

by the Kentucky Constitution that has the authority to discipline judges for official misconduct.

Plaintiff seeks injunctive relief against each Defendant pursuant to 42 U.S.C. § 1983 and her claims against Justice Lambert, Judge Thompson, and Judge Nicholls are in their official capacity. Plaintiff's claims arise from various domestic relations proceedings in Pike County, Kentucky. Plaintiff alleges that Defendants deprived her of her rights by failing to uphold the laws and failing to act on her various grievances against KBA members and judges, thereby creating a "superior class" of Kentucky citizens "who are immune from the laws, regulations, and the Kentucky Supreme Court Rules." (Complaint at ¶¶1-3.)

Plaintiff was married to Jonah Stevens ("Stevens"), an attorney and KBA member. (Complaint ¶ 16.) Plaintiff alleges between June 2005 until April 2006, Stevens refused to pay child support, and Plaintiff requested enforcement of the support agreement from Pike County Attorney Howard Keith Hall ("Hall"). Plaintiff asserts that Hall refused to prosecute her child support claims against Stevens. Plaintiff contends that she notified Defendants Lambert, Nicholls and the KBA of Hall's refusal to prosecute, and they took no action against Hall. (Id. at ¶¶ 17-20.)

In April of 2006, Plaintiff protested Hall's decision by marching in public with a sign. (Id. at ¶ 21.) Following the protest, Stevens petitioned the Pike Circuit Court for an emergency protective order ("EPO"). Stevens informed the court that Plaintiff had required the couple's children to accompany her on the protest at a time when one of the children was suffering from strep throat. (Exhibit 2 to Complaint.) Plaintiff asserts that the EPO was

49/91

filed against her in retaliation for her protest against Hall and Stevens. On April 27, 2006, Judge Larry Thompson entered an EPO awarding custody of the couple's children to Stevens, but granting Plaintiff supervised visitation (Exhibit 4 to Complaint.) (Complaint at ¶ 22.) Plaintiff contends that Judge Thompson was on notice that Stevens' filing of the EPO was an abuse of process, but failed to report it. Judge Thompson later recused himself. Plaintiff complains that even after Judge Thompson recused, he continued to sign and supervise two additional EPO's which were never served upon the Plaintiff. (Complaint ¶¶ 22-25.)

In May of 2006, Judge Julie Paxton was assigned to the case. On May 24, 2006, Judge Paxton entered a domestic violence order ("DVO") awarding Stevens temporary custody of the couple's children. Following the DVO's entry, Plaintiff failed to return the children to Stevens' custody in a timely manner after one of her visitation periods. On June 12, 2006, Hall prepared an arrest warrant against Plaintiff for failing to return the children to Stevens' custody. Plaintiff was arrested on June 30, 2006. The criminal action was dismissed in March of 2007. Plaintiff alleges that Hall had a conflict of interest that she believes should have prevented him from prosecuting her. (Id. at ¶¶ 28-32, 87,89.)

On June 14, 2006, on motion by the children's guardian *ad litem* to suspend Plaintiff's visitation with the children, Judge Paxton entered an *ex parte* order denying Plaintiff visitation until further ordered. (Exhibit 7 to Complaint.) Judge Paxton set the matter for a hearing on June 29, 2006. After this hearing, Judge Paxton signed an order permitting Plaintiff to have supervised visitation of her children every other weekend. (Complaint ¶ 34;

4

50|91

Exhibit 8 to Complaint.)   Plaintiff argues that there was no factual finding of serious endangerment to support making her visitation of the children supervised.

Plaintiff alleges that she notified Justice Lambert of the *ex parte* communications between Judge Paxton and Stevens' counsel and Justice Lambert forced Judge Paxton to recuse.   Plaintiff contends that the Judicial Conduct Committee, the Kentucky Bar Association, and Chief Justice Lambert failed to take steps to rectify the harm that Judge Paxton had caused Plaintiff.  (Id. at ¶¶ 35-37.)

Judge John David Preston was assigned the case.  On December 13, 2006, Judge Preston vacated the DVO entered against Plaintiff.  Judge Preston continued Plaintiff's supervised visitation of her children.  Judge Preston later transferred to the Johnson County Circuit Court and Plaintiff's domestic relations case was reassigned to Judge Janie Wells. On March 6, 2007, Judge Wells entered an order continuing Plaintiff's supervised visitation. Plaintiff asserts that Judge Wells had notice that there was tampering of the physical record at the Pike County Circuit Clerks office and took no action to stop it.  Judge Wells later recused from the case because she had received knowledge that the Cabinet for Health and Family Services had substantiated abuse against the Plaintiff.  (Id. at ¶¶ 36- 44; Exhibit 9 and 10 to Complaint.)

In June/July 2007, Judge Lewis Nicholls was assigned to preside over the domestic relations case involving Plaintiff and Stevens. According to Plaintiff, Judge Nicholls delayed setting a hearing in the matter until November 7, 2007. (Id. at ¶ 47.)  At that time, he conducted a hearing on Plaintiff's motion to modify the supervised visitation.  (Exhibit 11

51/91

to Complaint.)   In a handwritten docket order entered on November 21, 2007, the Pike Circuit Court required the parties to "submit 2 names each of doctors that can complete a Psyco. [sic] eval." of the Plaintiff.   Judge Thompson signed the order.[1]   (Exhibit 17 to Complaint.)   In a subsequent order dated November 23, 2007, Judge Nicholls declined to modify the supervised visitation order already in effect until this psychological evaluation of Plaintiff was completed. (Exhibit 11 to Complaint.)

Based upon these facts, Plaintiff alleges that all the Defendants have violated her rights by failing to act on her complaints and by failing to enforce Kentucky laws, rules, and regulations against members of the KBA. Specifically, Plaintiff asserts that the Chief Justice, the Judicial Conduct Commission, and the Kentucky Bar Association failed to enforce the laws, regulations, and Supreme Court Rules of Kentucky against Hall, Stevens, Judges Paxton, Wells, Thompson, and Nicholls.   Plaintiff asserts that the JCC has refused to sanction Judge Thompson for signing orders without jurisdiction. Likewise, Plaintiff alleges that the KBA refused to enforce the conflict of interest rule against Hall who abused his elected office by using child support enforcement for political favor and having the Plaintiff falsely arrested so Hall could prosecute her.   According to Plaintiff, neither the KBA nor the JCC pursued her complaints.

With respect to Judge Thompson, Plaintiff alleges that Judge Thompson violated the

---

[1]Plaintiff avers that she wrote a complaint to the Judicial Conduct Committee about Judge Thompson signing this order without jurisdiction to do so, but that they failed to respond. (Complaint ¶ 57.)

judicial canons by failing to report Stevens' and Hall's conduct to the KBA, by signing an order in one of the domestic relations cases after he had recused, by humiliating her by ordering her to undergo a "psyco" exam, and by tampering with the record in her divorce action. (Id. at ¶¶ 74-77.) Lastly, Plaintiff alleges that Judge Lewis Nicholls failed to make the factual findings required by KRS 403.320(1) to support an order of supervised visitation; that he failed to hear Plaintiff's motions in her divorce action; and that he engaged in an *ex parte* investigation of Judge Thompson's signing of the handwritten order referring her for a psychological evaluation. (Id. at ¶¶ 69-72.)

Plaintiff requests an order requiring the Chief Justice to enforce the rules, regulations, and Kentucky Supreme Court Rules in all cases involving her. She seeks an order requiring the Chief Justice to transfer the venue of her domestic relations proceeding to her new county of residence. Plaintiff also requests an order requiring the JCC and KBA to investigate her allegations and maintain records of these investigations.

Plaintiff further requests orders requiring Judge Nicholls (1) to substantiate the Pike Circuit Court's ruling that her child visitation be supervised and (2) to prevent persons who file fraudulent EPO petitions from obtaining child custody. Finally, Plaintiff seeks to restrain Judge Thompson from signing any more orders in court records pertaining to her cases. (Complaint at ¶ A-G.)

Defendants move to dismiss the Complaint. Defendants argue that (1) Plaintiff's claims are barred by the Eleventh Amendment and the express language of 42 U.S.C. § 1983; (2) Plaintiff's Complaint is barred in part by the statute of limitations; (3) Plaintiff fails to

53|91

state a claim under § 1983; and (4) in the alternative, Plaintiff's claims are subject to the

Younger abstention doctrine. As a result, Defendants contend that Plaintiff's complaint

should be dismissed.

## DISCUSSION

### A. Eleventh Amendment

The Eleventh Amendment provides: "The Judicial power of the United States shall

not be construed to extend to any suit in law or equity, commenced or prosecuted against one

of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign

State." U.S. Const. amend XI.  The Supreme Court has interpreted the Amendment to apply

to suits against a state brought in federal court by the state's own citizens. Hans v. Louisiana,

134 U.S. 1 (1890); Dubuc v. Michigan Board of Law Examiners, 342 F.3d 610, 615 (6th Cir.

2003).  In addition to states themselves, "the Eleventh Amendment immunizes departments

and agencies of the states." Dubuc, 342 F.3d at 615.  See also Whittington v. Milby, 928

F.2d 188, 193-94 (6th Cir. 1991)("[A] state agency may not be sued in federal court,

regardless of the relief sought, unless the state has waived its sovereign immunity or

Congress has overridden it.").[2]

The KBA performs a constitutional function assigned to the Kentucky Supreme Court.

See Ky. Const. § 116 ("The Supreme Court shall, by rule, govern admission to the bar and

---

[2] Plaintiff's reliance on Ramirez v. Oklahoma Dept of Mental Health, 41 F.3d 584 (10th
Cir. 1994) is unpersuasive.  The Tenth Circuit has limited the Ramirez holding, like the Sixth
Circuit, that "the Eleventh Amendment bars federal court jurisdiction over a state agency for
both money damages and injunctive relief . . . ." Ellis v. Univeristy of Kansas Medical Center,
163 F.3d 1186, 1194 (10th Cir. 1998).

54/91

the discipline of members of the bar."). Hubbard v. Kentucky Bar Ass'n, 66 S.W.3d 684, 696 (Ky. 2001). Courts have found the KBA and other state bar associations to be immune from suit. See Dubuc, 342 F.3d at 615 ("Because they are arms of the Michigan Supreme Court for all purposes relevant to this lawsuit, the Board and the Bar are state agencies immune from this lawsuit under the Eleventh Amendment."); Thiel v. State Bar of Wisconsin, 94 F.3d 399, 401-402 (7th Cir. 1996). Like the KBA, the JCC is a state body created by the Kentucky Constitution and is "vested with authority to discipline judges for official misconduct." Kentucky Judicial Conduct Com'n v. Woods, 25 S.W.3d 470, 471 n.1 (Ky. 2000); Ky. Const. § 121; Ky. Sup. Ct. R. 4.020.

As a result, both the KBA and the JCC are immune from liability in this action under the Eleventh Amendment. All claims made against them shall be dismissed.

### B. Injunctive Relief against Judicial Officers

Section 1983 provides in pertinent part that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." First, Plaintiff does not allege any facts and nothing in the complaint suggests that a declaratory decree was violated or that declaratory relief was unavailable. See Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006); Borden v. Raley, 2008 WL 2038903, *2 (W.D. Ky. May 12, 2008); Stepp v. Bowles, 2007 WL 3046479, *3 (W.D. Ky. October 17, 2007); Massey v. Stosberg, 136 Fed. Appx. 719, 2005 WL 1432946, *1 (6th Cir. February 8, 2005). The Court rejects Plaintiff's assertion in her response that the term

9

55/91

"declaratory decree" and "declaratory relief" are ambiguous and that they refer to any decree or form of relief. Plaintiff contends that her failed appeals qualify as unavailable "declaratory relief" and that Judge Nicholls' alleged refusal to follow binding precedent is a violation of a "declaratory decree."

Contrary to Plaintiff's arguments, the terms declaratory relief and declaratory decree specifically refer to actions maintained under the Declaratory Judgment Act, 28 U.S.C. § 2201, which permits a district court to "declare the rights and other legal relations of any interested party." See, e.g., Smith v. Pezzetti, 2005 WL 5421316, *16 (E.D. Mich. April 4, 2005). Furthermore, failure by a party to get a favorable decision in the state court does not constitute "unavailability." Roth v. King, 449 F.3d 1272, 1286-87 (D.C. Cir. 2006). Since Plaintiff has alleged no facts showing any of the judges violated a declaratory decree or that declaratory relief is unavailable, Plaintiff's claims are barred by § 1983.

Second, Plaintiff contends that Judge Thompson was not acting as a "judicial officer" for the purposes of § 1983 because he was without jurisdiction to preside over Plaintiff's actions in the Pike County courts because he had previously recused from the case.[3] A review of the exhibits attached to the Complaint reveals that on November 21, 2007, Judge Thompson, a Pike Circuit Court Judge, signed a scheduling memo noting that Judge Nicholls had presided over a hearing and had ordered a custodial and psychological evaluation of Plaintiff. Plaintiff has cited no authority that Judge Thompson lacked jurisdiction in the

___

[3]Plaintiff does not dispute the Defendants' argument that Judge Nicholls and the Chief Justice are acting in their judicial capacities as it relates to her claims.

10

matter. KRS 26A.040(2) provides in part that "[a]ny judge presiding over a division of a court [with multiple divisions] may hear and determine any case or question in any other division." See also Mullins v. Hess, 131 S.W.3d 769, 773 (Ky. App. 2004)(holding that Pike District Judge had jurisdiction to enter order in case pending before a different judge in another division of Pike District Court). Given this authority, the Court finds that Judge Thompson was acting in his "judicial capacity" when he entered the orders in question.

For these reasons, the Court finds that Plaintiff's claims for injunctive relief against the three individual judges are precluded by 42 U.S.C. § 1983.

### C. Younger Abstention Doctrine

Additionally, even if the Plaintiff's claims against the Judges were to survive the express language of § 1983, the Court would abstain from exercising jurisdiction over this case. "The Younger Abstention Doctrine requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state court proceedings." Muhammad v. Paruk, 553 F. Supp. 2d 893, 898 (E.D. Mich. 2008)(citing O'Neill v. Coughlan, 511 F.3d 638, 643 (6th Cir. 2008)). See Younger v. Harris, 401 U.S. 37 (1971). Courts in the Sixth Circuit consider three factors is determining whether to abstain from hearing a case based on the Younger Abstention Doctrine: (1) whether there is an ongoing state judicial proceeding; (2) whether the state judicial proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge. O'Neill, 511 F.3d at 643; Tindall v. Wayne County Friend of the Court, 269 F.3d 533, 538 (6th Cir. 2001).

11

57/91

First, "if a state proceeding is pending at the time the action is filed in federal court, the first criteria for <u>Younger</u> abstention is satisfied." <u>Kelm v. Hyatt</u>, 44 F.3d 415, 419 (6th Cir. 1995). Plaintiff does not dispute that her child custody case is pending before the Pike Circuit Court.

Second, the State of Kentucky has a strong interest in the resolution of marital disputes and the protection of children involved in child custody matters. "[D]omestic relations proceedings involve 'paramount' state interests." <u>Id.</u> at 420.

Third, the Plaintiff has the ability to raise any constitutional claims she may have before the Pike Circuit Court or on appeal. "[T]he burden on this point rests on the federal plaintiff to show 'that state procedural law barred presentation of [her] claims.'" <u>Marathon Petroleum Co., LLC. v. Stumbo</u>, 528 F. Supp. 2d 639, 645 (E.D. Ky. 2007)(citing <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 14 (1987)). Plaintiff has not alleged that she is barred from presenting her constitutional claims in the Kentucky state courts. In fact, the Kentucky courts can consider the constitutional questions Plaintiff raises in her response and order relief if they deem them to have merit.

Furthermore, Plaintiff's argument that the alleged bad faith of Stevens and Hall in the domestic relations case removes the current action from the coverage of <u>Younger</u> is foreclosed by the Sixth Circuit cases of <u>Tindall v. Wayne County Friend of Court</u>, 269 F.3d 533, 539-540 (6th Cir. 2001) and <u>Sevier v. Turner</u>, 742 F.2d 262, 269-70 (6th Cir. 1984).

For these reasons, the Court finds that the <u>Younger</u> Abstention Doctrine would apply in the present case.

12

58/91

## CONCLUSION

For the reasons set forth above, the motion by Defendants to dismiss the complaint [DN 10] is **GRANTED**. The Plaintiff's request for a hearing on the motion to dismiss [DN 11] is denied.

Joseph H. McKinley, Jr., Judge
United States District Court

September 19, 2008

cc: counsel of record
Amy Mischler, *pro se*

13

EXHIBIT 1 DVD identified as Exhibit 20 in Exhibit 1 document

60|61