UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT FRANKFORT

| | |
|---|---|
| AMY JERRINE MISCHLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-CV-26 |
| ) | |
| SUSAN STOKLEY CLARY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff has filed a Motion for Judicial Disqualification [Doc. 27]. In support of this motion, plaintiff complains that this Court's impartiality is in question based on two recent rulings in case number 7:13-CV-8, *Mischler v. Stevens*. In that case, plaintiff filed a motion for miscellaneous relief in which she requested various legal rulings on matters of Kentucky state court jurisdiction that she claims is relevant to her tort claim of outrage. That motion was denied as well as her request for reconsideration. As a result of those adverse rulings, plaintiff contends that the Court's impartiality is in question and the undersigned will demonstrate the same bias in the instant case as in case number 7:13-CV-8.

Judicial disqualification is required under 28 U.S.C. § 455(a) "in any proceeding in which [the Court's] impartiality might reasonably be questioned." The standard for judicial disqualification is set forth in *Liteky v. United States*, 510 U.S. 540 (1994):

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. … In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required … when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal.  Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. … *Not* establishing bias or partiality … are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.  A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

*Id*. at 555.

The plaintiff has the burden of establishing objective evidence of bias, *i.e.*, whether a reasonable person, knowing all the surrounding circumstances, would consider the judge impartial.  *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 1992 WL 99456, at * 5 (6th Cir. May 12, 1992); *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990).  "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases [and] … arises out of the judge's background and associations." *Sammons*, 918 F.2d at 599 (quoting *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251-52 (6th Cir. 1989)).

The undersigned is also mindful that the Sixth Circuit has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted). In short, unnecessary recusals waste judicial resources. *City of Cleveland v. Krupansky*, 619 F.2d 576, 579 (6th Cir. 1980). Likewise, granting groundless disqualification motions also encourages judge-shopping.

The plaintiff has presented no objective evidence of bias, merely a disagreement with the undersigned's rulings. This is precisely within the scope of the Supreme Court's admonition in *Liteky* and is not a basis for disqualification. Therefore, plaintiff's for judicial disqualification [Doc. 27] is **DENIED**.

Upon review of the record, the Court also observes that the plaintiff has filed a second amended complaint [Doc. 26]. Plaintiff requested and was given leave to file an amended complaint against "only the remaining defendants in case number 3:13-cv-26" [Doc. 23 at p. 3], specifically defendants Susan Stokley Clary, the Kentucky Supreme Court, and Larrin Thompson, and she was directed to do so by October 14, 2015. Plaintiff did not do so, but filed a late request for additional time to comply with the Court's order [Doc. 24]. Plaintiff was granted until and including November 13, 2015 to file her amended complaint [Doc. 25]. However, Plaintiff's second amended complaint was not filed until November 16, 2015, and asserts claims against new defendants, including defendants who have been previously dismissed in the consolidated case. Accordingly, plaintiff has failed to comply with the orders of the Court and the second

amended complaint will be **STRICKEN** from the record. The case will proceed against defendants Susan Stokley Clary, the Kentucky Supreme Court, and Larrin Thompson on the allegations as contained in the First Amended Complaint [Doc. 12].

The Clerk of the Court shall issue the summons for defendant Clary in her official and individual capacity, defendant Thompson in her individual capacity, and the Kentucky Supreme Court in its official capacity. The Clerk shall then provide the completed summons, USM 285 form, and a copy of the first amended complaint [Doc. 12] to the United States Marshal's Service for service of process.

IT IS SO ORDERED.

    s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE